602 P.2d 826

Joe CHAVARRIA, Jr. and Juana Chavarria, natural parents of the deceased Ignacio H. Chavarria, Plaintiffs-Appellants,

v.

FORD MOTOR COMPANY, a Delaware corporation, Defendant-Appellee.

No. 2 CA–CIV 3192.

Court of Appeals of Arizona, Division 2.

Sept. 17, 1979.

Rehearing Denied Oct. 24, 1979.

Review Denied Nov. 15, 1979.

Ettinger & Deckter, P.C. by Nathan A. Parkey and Louis L. Deckter, Tucson, for plaintiffs-appellants.

Murphy & Hazlett by Carl E. Hazlett, Tucson, for defendant-appellee.

OPINION

HATHAWAY, Judge.

This case arises out of a tractor roll-over which killed the driver. Summary judgment was granted appellee-defendant. The issue on appeal is whether the trial court correctly found that there was no genuine issue of material fact concerning whether the tractor was in a defective condition, unreasonably dangerous to the user. Restatement (Second) of Torts, § 402(A) (1965).

On October 12, 1973, appellants' 16-year-old son, Ignacio Chavarria, was operating a 1970 model 2000 Ford tractor in the course of his employment with F.M. Hauling and Landscaping, Inc. (F.M.) He was driving the tractor on North Harrison Road near Calle Cascada in Tucson, when it overturned and killed him. The tractor was not equipped with a roll-over protection system

or seat belts. Young Chavarria did not have a driver's license and the tractor was not licensed for use on the streets. He had worked for F.M. for approximately three months and had driven the tractor approximately "four to eight times" before the accident. He had driven the same type of tractor in cotton fields in Mexico for a year.

Summary judgment for appellee was entered on the basis of *Vineyard v. Empire Machinery Company, Inc.*, 119 Ariz. 502, 581 P.2d 1152 (App.1978). We find an important factual distinction rendering *Vineyard* inapposite and reverse.

The absence of roll-over protection was the defect alleged in *Vineyard.* A claim that the equipment had a propensity to tip over was discarded because no evidence in support of such defect was adduced. A like claim in the case at bench was sufficiently raised, in our opinion, to pose a genuine issue of material fact. Appellants' expert stated through his deposition and affidavit that he was acquainted with the characteristics of the tractor involved and gave his opinion that it has a dangerous propensity to overturn and to overturn quickly, leaving the operator no chance to escape. He believed the tractor was so dangerous that a roll-over protection system should be included as standard equipment. He further stated that had the tractor been so equipped, he doubted the operator would have been killed.

An eyewitness stated in her deposition that she saw the tractor traveling north on Harrison Road in the north-bound lane about 8 a. m. The weather was clear and dry. As she observed it traveling slowing down the street, the front end began to turn to the left. The tractor jackknifed, flew up in the air and threw the driver to the pavement where he was crushed when it fell on him. The turning of the tractor, from her view of the accident, was not caused by the driver. Nothing untoward in the use of the tractor appears in her account. Appellants' expert confirms that the use was normal. Unlike the equipment in *Vineyard* which overturned on an incline, the "jackknifing" of the tractor in the instant case seems unexplainable except for the inherent propensity of the tractor to overturn as stated by appellants' expert. This same expert stated in his affidavit that the tractor was unreasonably dangerous because an operator would not appreciate its propensity to turn over and the consequent necessity of a roll-over protection system. Cf., *Brady v. Melody Homes Manufacturer,* 121 Ariz. 253, 589 P.2d 896 (App.1978). Also see, *Brandenburger v. Toyota Motor Sales, U.S.A., Inc.*, 162 Mont. 506, 513 P.2d 268 (1973).

Based on the lack of a roll-over protection system and the evidence of the security afforded by such a system, coupled with the propensity of the tractor to overturn, we find a genuine issue of material fact concerning the existence of a defect rendering the tractor unreasonably dangerous.

Reversed.

RICHMOND, C. J., and HOWARD, J., concur.