34 P.3d 398

**In re ADAM P.**

No. 1 CA–JV 01–0046.

Court of Appeals of Arizona, Division 1, Department E.

Nov. 20, 2001.

Review Denied Feb. 12, 2002.

---

**290**

Janet Napolitano, Attorney General, by Randall M. Howe, Chief Counsel, Criminal Appeals Section, and Richard M. Romley, Maricopa County Attorney, by Colleen L. French, Deputy County Attorney, Phoenix, Attorneys for Appellee.

James J. Haas, Maricopa County Public Defender, by Theresa M. Armendarez, Deputy Public Defender, Mesa, Attorney for Appellant.

## OPINION

BARKER, Judge.

¶ 1 Adam P., a juvenile, appeals from the juvenile court's adjudication entered on January 17, 2001 and the disposition entered on

March 14, 2001. The juvenile filed a timely notice of appeal on March 23, 2001.

¶ 2 The issue presented in this opinion [1] is whether a golf cart is a "means of transportation" under Arizona Revised Statutes ("A.R.S.") section 13–1814 (1999).

### Factual And Procedural Background

¶ 3 On January 17, 2001, the juvenile court adjudicated Adam P. delinquent of theft of means of transportation in violation of A.R.S. § 13–1814. At the adjudication hearing, Corey Johnson testified that he saw the juvenile driving a golf cart down his neighborhood street with a passenger. Johnson stopped the juvenile when he saw the golf cart going towards a major street. Johnson asked him where he got the golf cart. The juvenile told him that the golf cart belonged to a friend and that the friend had let him borrow it. Johnson called the police.

¶ 4 Officer Kinard Brown testified at the adjudication. He said that the juvenile "wasn't real clear in his answers" during questioning. He had reason to believe that the juvenile was "hiding something." The juvenile told Officer Brown that the golf cart belonged to Morgan, a friend. However, the juvenile could not produce a phone number, address, or information about his friend's location. Another officer, Harold Sprouse, testified that the juvenile admitted to him that he and his friend Anthony had taken the golf cart from the Ladera Apartments.

¶ 5 The service manager from the Ladera Apartments, Ramon Mendoza, testified that he identified the golf cart at the scene of the offense and that it belonged to Ladera Apartments. He also testified that the juvenile did not have permission to use or be in possession of the golf cart.

¶ 6 After the state rested, the juvenile moved for a directed verdict. Counsel argued that a golf cart was not a "vehicle" as defined by A.R.S. §§ 13–1801 and 13–105 and that it could not therefore be a "means of

---

1. We originally decided this matter by means of a Memorandum Decision, filed October 4, 2001. We affirmed the proceedings below. Following that decision, the State requested that we publish the Memorandum Decision as it presents a re-

occurring issue of statutory interpretation. We granted the request to publish those portions of the earlier decision and do so in this Opinion. We file separately a Memorandum Decision which includes the remaining issues.

transportation" pursuant to § 13–1814. The juvenile's counsel referred to the legislative fact sheets to A.R.S. § 13–1801 and argued that the legislature intended to distinguish theft of automobiles from other theft. He argued that if golf carts were included within § 13–1814, then electric wheelchairs and "go-peds" would be included, too.

¶ 7 The court denied the juvenile's motion for a directed verdict and found him delinquent. At the disposition hearing, the court placed the juvenile on probation. This appeal followed.

### Is a golf cart a "means of transportation"?

¶ 8 The juvenile argues that a golf cart does not fall within the definition of a "means of transportation" for purposes of § 13–1814. Statutory interpretation is a question of law which this court reviews *de novo*. *In re Paul M.*, 198 Ariz. 122, 123, 7 P.3d 131, 132 (App. 2000).

¶ 9 Section 13–1814(A)(1) states that a person commits "theft of means of transportation" if that person knowingly "controls another person's means of transportation." Section 13–1801(A)(9) defines "means of transportation" as "any vehicle." Section 13–105(36) in turn defines the term "vehicle" as follows:

[A] device in, upon or by which any person or property is or may be transported or drawn upon a highway, waterway or airway, excepting devices moved by human power or used exclusively upon stationary rails or tracks.

¶ 10 On its face, the definition of "vehicle" contained in § 13–105(36) clearly includes golf carts. It defines a vehicle as one upon which a person "is or *may be* transported." (Emphasis added.) A golf cart certainly can transport a person. Also, golf carts which are registered with the Department of Transportation may be used on a highway pursuant to A.R.S. § 28–2153. Moreover, A.R.S. § 28–101(22), defines a "golf cart" as a type of "motor vehicle."

¶ 11 The juvenile also argues that if a golf cart were indeed considered a vehicle, then motorized wheelchairs and "go-peds" would necessarily be vehicles. This is not so. In A.R.S. § 28–101(29)(b), motorized wheelchairs are expressly excluded from the definition of motor vehicle. The question of whether a "go-ped" is a vehicle is not before us.

¶ 12 The juvenile additionally asserts that the legislative history to § 13–1814 "clearly reflects" that the statute only applies to automobiles. However, to ascertain legislative intent, we do not necessarily review legislative history. We only review legislative history if a statute is unclear. As noted in *Tobel v. State, Arizona Dept. of Public Safety*, 189 Ariz. 168, 174, 939 P.2d 801, 807 (App.1997):

Our first duty in interpreting a statute is to determine and give effect to the legislature's intent, and the first place to look is the wording of the statute. If the language is plain and unambiguous, then no construction is necessary and our duty is simply to apply that plain and unambiguous language.

¶ 13 In this case, the statute is clear. The definitions contained in A.R.S. §§ 13–1801(A)(9), 13–105(36) and 28–101(22) clearly define "vehicle." They are not ambiguous. A review of legislative history is neither necessary nor appropriate.

¶ 14 We conclude that a golf cart does fall within the definition of "vehicle." As such, it is a "means of transportation" for purposes of § 13–1814.

### Conclusion

¶ 15 We affirm the adjudication and disposition entered by the juvenile court.

CONCURRING: JON W. THOMPSON, Presiding Judge, and NOEL FIDEL, Judge.