175 P.3d 694

**STATE of Arizona, Appellee,**

v.

**Joel Kenton BARR, Appellant.**

**No. 1 CA–CR 06–0293.**

Court of Appeals of Arizona,
Division 1, Department B.

Jan. 29, 2008.

Terry Goddard, Attorney General, By Randall M. Howe, Chief Counsel, Criminal Appeals Section and Robert A. Walsh, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Wanda K. Day, Tucson, Attorney for Appellant.

## OPINION

BARKER, Judge.

¶ 1 Joel Kenton Barr appeals his sentences for child molestation and furnishing harmful items to a minor. The issues raised by Barr all relate to his claim that the trial court erred in using his 1993 conviction as an aggravating factor in imposing sentence. Among other issues, we construe Arizona Revised Statutes ("A.R.S.") section 13–907 (2001) and address Barr's argument that it is constitutionally infirm. For the reasons that follow, we affirm.

## I.

¶ 2 Barr was convicted by a jury of child molestation, furnishing harmful items to a minor, and 121 counts of sexual exploitation of a minor. The trial court sentenced Barr to twenty-seven years imprisonment for child molestation; three years imprisonment for furnishing harmful items to a minor; and five years imprisonment for each count of sexual exploitation of a minor. On appeal, this court affirmed the convictions together with the sentences imposed on the sexual exploitation of a minor counts, but vacated the sentences on the other two counts and remanded for resentencing in compliance with *Blakely v. Washington,* 542 U.S. 961, 125 S.Ct. 21, 159 L.Ed.2d 851 (2004). *State v. Barr,* 1 CA–CR 03–0881 (Ariz.App. Aug. 8, 2005) (mem.decision).

¶ 3 On remand, the trial court held a presentence hearing on the State's allegation of prior conviction. At the hearing the State presented proof that Barr was convicted on April 14, 1993 in Maricopa County Superior Court cause no. CR 92–008888 for resisting arrest, a class 6 undesignated offense. Barr admitted the prior conviction but opposed having it used as an aggravating factor because the conviction had been vacated in 1996. Barr further argued that the conviction should not be treated as a felony because it had been left undesignated at sentencing.

¶ 4 At the conclusion of the hearing, the trial court found that Barr had a prior felony conviction within ten years of the offenses in the present case. The trial court subsequently considered the conviction as an aggravating factor in sentencing Barr to aggravated terms of imprisonment of twenty-four years for child molestation and three years for furnishing harmful items to a minor.

¶ 5 Barr filed a timely notice of appeal. We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and A.R.S. §§ 12–120.21(A)(1) (2003), 13–4031 (2001), and 13–4033(A)(1) (2001).

## II.

### A.

¶ 6 Barr first contends the trial court abused its discretion by refusing to continue the presentence hearing. He asserts that a continuance should have been granted to permit him an opportunity to obtain information on the status of his 1993 conviction. We will uphold a trial court's denial of a motion for continuance absent a clear abuse of discretion and resulting prejudice. *State v. Amaya–Ruiz,* 166 Ariz. 152, 164, 800 P.2d 1260, 1272 (1990).

¶ 7 At the commencement of the presentence hearing, the trial court asked the parties whether they were ready to proceed. After the State answered in the affirmative, Barr, who was representing himself, informed the court that he had not heard from the Maricopa County Superior Court on whether his prior conviction had been designated as a misdemeanor. When the trial court asked whether he was telling the court that he was not ready to proceed to trial, Barr stated:

I would be ready if we had that feedback from Maricopa County saying this is designated as a felony or it's not designated or they would say that it's designated as a misdemeanor, which would clearly undermine the State's case, or they would say it's not designated yet, which again would be in my favor. We've not heard back from them and we're still waiting.

¶ 8 When the trial court further inquired whether Barr had ever received copies of documents regarding the conviction at any point in the proceedings, the prosecutor responded that the State had given Barr copies of all the relevant sentencing documents obtained from the Maricopa County Superior Court. After explaining to Barr that the State bears the burden of proof on the prior conviction, the trial court stated it would have the State go forward with its burden of proof.

¶ 9 Although Barr argues that the trial court erred in denying his request for a continuance, no request was made by him to continue the hearing. The failure to request a continuance constitutes a waiver of this claim. *State v. Wise*, 101 Ariz. 315, 317–18, 419 P.2d 342, 344–45 (1966).

■ ¶ 10 Even if Barr's statements were construed as a motion to continue, there was no error in the trial court not granting a continuance. The hearing on the allegation of prior conviction was originally scheduled for October 5, 2005. The hearing was continued to October 11, 2005, due to the travel schedule of Barr's advisory counsel. The hearing was continued a second time after Barr informed the court that he required more time to subpoena potential witnesses. By the time the trial on the prior conviction actually proceeded on February 24, 2006, it had been more than four months since the originally scheduled hearing date. Barr had more than ample time to acquire the information he indicated he needed from the Maricopa County Superior Court. There is no abuse of discretion in denying a motion to continue when the record reflects that the

defendant failed to exercise due diligence in preparing for trial. *State v. Sullivan*, 130 Ariz. 213, 216, 635 P.2d 501, 504 (1981); *see also State v. Cramer*, 174 Ariz. 522, 525, 851 P.2d 147, 150 (App.1992) (holding no abuse of discretion in denying motion to continue when defendant had five months to prepare for trial).

■ ¶ 11 Furthermore, there was no prejudice to Barr from the lack of a continuance. The information Barr subsequently obtained from the Maricopa County Superior Court confirmed that his 1993 conviction was still an undesignated offense at both the time of the presentence hearing and his sentencing. This is precisely what the evidence introduced at the hearing established. Thus, even without a continuance, Barr was not deprived of having the trial court consider all available relevant information regarding his prior conviction in ruling on whether it could be used as an aggravating factor.

### B.

■ ¶ 12 Barr also asserts that he should be granted relief because the offense that is the subject of his 1993 conviction was subsequently reduced to a misdemeanor. The order designating the offense a misdemeanor was entered on May 5, 2006. Pursuant to A.R.S. § 13–702(G) (Supp.2006), an undesignated offense "shall be treated as a felony for all purposes until such time as the court may actually enter an order designating the offense a misdemeanor." Consequently, the trial court was correct in treating Barr's 1993 conviction as a felony for sentencing purposes when imposing sentence in the instant case on March 16, 2006.[1]

### C.

■ ¶ 13 Barr also argues that the trial court erred in using his 1993 conviction as an aggravating factor because the judgment of guilt was set aside in 1996 pursuant to A.R.S. § 13–907. When Barr was re-sentenced in the present case, this statute provided, in

---

1. Although Barr claims he requested the Maricopa County Superior Court designate his 1993 conviction a misdemeanor prior to the presentence hearing, the court documents submitted by

Barr to supplement the record on appeal reflect that his motion was not filed until March 14, 2006—two days before his sentencing and more than two weeks after the hearing.

pertinent part, that "every person convicted of a criminal offense may, upon fulfillment of the conditions of probation or sentence and discharge by the court, apply to ... have the judgment of guilt set aside...." *Id.* The statute then provides that if the application is granted, the judge

> shall set aside the judgment of guilt, dismiss the accusations or information and order that the person be released from all penalties and disabilities resulting from the conviction other than those imposed by the department of transportation pursuant to § 28–3304, 28–3306, 28–3307 or 28–3308, *except that the conviction may be used as a conviction if such conviction would be admissible had it not been set aside and may be pleaded and proved in any subsequent prosecution of such person by the state or any of its subdivisions for any offense* or used by the department of transportation in enforcing the provisions of Section 28–3304, 28–3306, 28–3307 or 28–3308 as if the judgment of guilt had not been set aside.

A.R.S. § 13–907 (emphasis added). Thus, although a felony may be set aside, it can still be used for the specific purposes set forth in the statute, including the "subsequent prosecution of such persons." *Id.*

¶ 14 Barr claims that this statute is unconstitutionally void for vagueness in regards to the use of the conviction being set aside in subsequent prosecutions. Specifically, he asserts that this statute can be read as allowing only prior convictions for violations of Title 28 to be pleaded and proved in a subsequent prosecution. Therefore, he argues, the trial court should not be permitted to use his prior conviction for resisting arrest as an aggravating factor.

¶ 15 As an initial matter, we note that Barr's claim that A.R.S. § 13–907 should be held void for vagueness is misfocused. The vagueness doctrine is predicated on the right to due process and generally applies to laws that attempt to require or prohibit conduct. *See Colautti v. Franklin,* 439 U.S. 379, 390, 99 S.Ct. 675, 58 L.Ed.2d 596 (1979) ("It is settled that, as a matter of due process, a criminal statute that 'fails to give a person of ordinary intelligence fair notice that his con-

templated conduct is forbidden by the statute,' or is so indefinite that 'it encourages arbitrary and erratic arrests and convictions,' is void for vagueness.") (citations omitted); *United States v. Wivell,* 893 F.2d 156, 159 (8th Cir.1990) ("[T]heories supporting the vagueness doctrine presume a law that attempts to proscribe or prescribe conduct."). Here, the statutory provision at issue does not criminalize or punish the conduct, of a person. *See* A.R.S. § 13–907. Rather, it merely describes the effect of an order setting aside a prior criminal conviction. *Id.* Because there is no due process right to have a judgment of guilt set aside, the issue raised by Barr is more properly viewed as one of pure statutory construction. There is no constitutional impediment here.

¶ 16 When construing a statute, our duty is to ascertain and give effect to the legislature's intent. *In re Adam P.,* 201 Ariz. 289, 291, ¶ 12, 34 P.3d 398, 400 (App. 2001). In seeking the intent of the legislature, we first look at the plain wording of the statute. *Id.* When a statute is clear and unambiguous, we may apply it without using other means of statutory construction. *State v. McDermott,* 208 Ariz. 332, 334, ¶ 5, 93 P.3d 532, 534 (App.2004).

¶ 17 Although A.R.S. § 13–907 might not be a perfect model of grammatical construction, its language is unambiguous. Indeed, this court has never had difficulty with the language of this statute: "The statute itself is proof that restoration of civil rights under section 13–907 does not expunge or remove the *fact* of conviction in Arizona. The statute allows an otherwise admissible prior conviction to be used for subsequent prosecutions as if the judgment of guilt had not been set aside." *Russell v. Royal Maccabees Life Ins. Co.,* 193 Ariz. 464, 467–68, ¶ 15, 974 P.2d 443, 446–47 (App.1998) (footnote omitted); *accord State v. Green,* 173 Ariz. 464, 469, 844 P.2d 631, 636 (App.1992), *vacated in part,* 174 Ariz. 586, 852 P.2d 401 (1993) (noting statute "specifically authorizes the conviction to be used as a prior conviction in subsequent prosecutions"); *see also State v. Key,* 128 Ariz. 419, 421, 626 P.2d 149, 151 (App.1981) (noting statute permits a person to be released of all penalties and disabilities

"with the exception that the conviction may be proved as a prior conviction in a subsequent criminal action").

¶ 18 Barr's contention that A.R.S. § 13–907 can be read as restricting the prior convictions that may be used in subsequent prosecutions to those for violation of A.R.S. §§ 28–3304, 28–3306, 28–3307 or 28–3308 finds no support in the statute.

¶ 19 In pertinent part A.R.S. § 13–907 provides that a judgment that has been set aside may still be used as a conviction "in any subsequent prosecution of such person ... for any offense *or* used by the Department of Transportation in enforcing the provisions of §§ 28–3304, 28–3306, 28–3307 or 28–3308 as if the judgment of guilt had not been set." (Emphasis added.) In the first place, the statute is clearly written in the disjunctive, providing that a set-aside felony conviction may be used by the prosecution "for any offense *or* used by the Department of Transportation in enforcing" the specified provisions. Secondly, none of these sections from Title 28 specifies an offense; instead, each describes civil penalties that can be imposed by the Department of Transportation. Thus, those statutes could never be the basis for a criminal conviction.

¶ 20 In construing statutes, we presume that the legislature did not intend an absurd result. *State v. Medrano–Barraza*, 190 Ariz. 472, 474, 949 P.2d 561, 563 (App. 1997). The specified sections of Title 28 are listed solely to identify specific penalties and disabilities imposed by the Department of Transportation that are not affected by an order setting aside the conviction. In short, there is nothing in the language of the statute that indicates any intent by the legislature to limit the types of convictions that can be use in subsequent prosecutions.

¶ 21 We further find no merit to Barr's claim that the legislature's recent amendment of A.R.S. § 13–907 supports his interpretation of this statute. The amendment merely reorganized the statute and added penalties and disabilities imposed by the game and fish commission pursuant to A.R.S. §§ 17–314 or 17–340 as additional items unaffected by an order setting aside a criminal conviction. *See* 2006 Ariz. Sess. Laws, ch. 238, § 2.[2]

### III.

¶ 22 There was no abuse of discretion by the trial court in not ordering a continuance

2. The specific substantive changes are indicated below:

A. Except as <u>otherwise</u> provided in <s>(subsection B of</s> this section, every person convicted of a criminal offense, on fulfillment of the conditions of probation or sentence and discharge by the court, may apply to the judge, justice of the peace or magistrate who pronounced sentence or imposed probation or such judge, justice of the peace or magistrate's successor in office to have the judgment of guilt set aside. The convicted person shall be informed of this right at the time of discharge.
<u>B</u>. The application to set aside the judgment may be made by the convicted person or by the convicted person's attorney or probation officer authorized in writing.
<u>C</u>. If the judge, justice of the peace or magistrate grants the application, the judge, justice of the peace or magistrate shall set aside the judgment of guilt, dismiss the accusations or information and order that the person be released from all penalties and disabilities resulting from the conviction other than those imposed by:
<u>1</u>. The department of transportation pursuant to section 28–3304, 28–3306, 28–3307, 28–3308 or 28–3319, except that the conviction may be used as a conviction if such conviction would be admissible had it not been set aside and may be pleaded and proved in any subsequent prosecution of such person by the state or any of its subdivisions for any offense or used by the department of transportation in enforcing section 28–3304, 28–3306, 28–3307, 28–3308 or 28–3319 as if the judgment of guilt had not been set aside.
<u>2. The game and fish commission pursuant to section 17–314 or 17–340.</u>
<s>(B.</s> <u>D</u>. This section does not apply to a person convicted of a criminal offense:
1. Involving the infliction of serious physical injury.
2. Involving the use or exhibition of a deadly weapon or dangerous instrument.
3. For which the person is required or ordered by the court to register pursuant to section 13–3821.
4. For which there has been a finding of sexual motivation pursuant to section 13–118.
5. In which the victim is a minor under fifteen years of age.
6. In violation of section 28–3473, any local ordinance relating to stopping, standing or operation of a vehicle or title 28, chapter 3, except a violation of section 28–693 or any local ordinance relating to the same subject matter as section 28–693.

of the presentence hearing. There was likewise no error by the trial court in using Barr's 1993 conviction for resisting arrest to impose aggravated sentences on his convictions for child molestation and furnishing harmful items to a minor. Further, A.R.S. § 13–907 was specifically intended to apply in circumstances such as these and is not constitutionally infirm. Accordingly, Barr's sentences are affirmed.

CONCURRING: ANN A. SCOTT TIMMER, and PATRICIA A. OROZCO, Judges.

