IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

THE STATE OF ARIZONA,           )
                                )    2 CA-CR 2008-0226
                   Appellee,    )    DEPARTMENT A
                                )
            v.                  )    O P I N I O N
                                )
ORVIE ROWLAND STRECK,           )
                                )
                   Appellant.   )
                                )

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-20073384

Honorable Hector E. Campoy, Judge

AFFIRMED AS MODIFIED

Terry Goddard, Arizona Attorney General
  By Kent E. Cattani and Alan L. Amann                                   Tucson
                                                          Attorneys for Appellee

Isabel G. Garcia, Pima County Legal Defender
  By Stephan J. McCaffery                                                Tucson
                                                         Attorneys for Appellant

E S P I N O S A, Judge.

¶1          Following a jury trial, Orvie Streck was convicted of theft of a means of

transportation, sentenced to two years' probation, and ordered to pay $1,698.17 in restitution

to the victim. On appeal, he contends his conviction should be overturned because a tractor is not a means of transportation. He also argues the trial court erred in imposing restitution. For the following reasons, we affirm Streck's conviction and sentence but modify the court's award of restitution.

### Factual and Procedural Background

¶2        We view the facts and all reasonable inferences they permit in the light most favorable to sustaining the jury's verdict. *See State v. Tamplin*, 195 Ariz. 246, ¶ 2, 986 P.2d 914, 914 (App. 1999). In 2006, Streck worked on and occasionally stayed at the victim's farm near Tucson. In July, the victim moved to Texas, leaving Streck to tend the farm and prepare it for eventual sale. After she had gone, Streck sold her tractor but told her he had discovered it missing. The victim immediately reported the missing tractor to the Pima County Sheriff's Office. Approximately a year later, the victim's husband received information about the tractor's whereabouts. The victim returned to Tucson to investigate and called the police when she saw the tractor in a neighbor's backyard. A police officer questioned the neighbor who reported he had purchased the tractor from Streck. Streck was subsequently charged with theft of a means of transportation and was convicted and sentenced as outlined above. This appeal followed.

### Discussion

¶3        Streck argues his conviction is not supported by sufficient evidence because a tractor is not a "means of transportation" under A.R.S. § 13-1814 and, therefore, his

conviction constitutes fundamental error.[1]  Because Streck does not otherwise contest the sufficiency of the evidence to support the jury's verdict, the validity of his conviction turns solely on the legal question of whether a tractor is a means of transportation for purposes of § 13-1814.  We review de novo a trial court's interpretation of a statute.  *In re Paul M.*, 198 Ariz. 122, ¶ 1, 7 P.3d 131, 132 (App. 2000).

¶4        A person commits theft of a means of transportation if he or she knowingly, and without lawful authority, "[c]ontrols another person's means of transportation with the intent to permanently deprive the person of the means of transportation."  § 13-1814(A).  A "means of transportation" is defined as "any vehicle," *see* A.R.S. § 13-1801(A)(9), which is in turn defined as "a device in, upon or by which any person or property is, may be or could have been transported or drawn upon a highway, waterway or airway, excepting devices moved by human power or used exclusively upon stationary rails or tracks."  A.R.S. § 13-105(40).[2]

¶5        Although Streck concedes a tractor satisfies the statutory definition of "vehicle" in § 13-105(40), he urges us to look beyond the plain meaning of the statute, arguing "absurd consequences" could result if such things as a riding lawnmower or pair of

---

[1]Streck did not present this argument below and therefore is entitled to a review for fundamental error only. *See State v. Moreno-Medrano*, 218 Ariz. 349, ¶ 7, 185 P.3d 135, 138 (App. 2008).

[2]Section 13-105 was amended and its subsections renumbered effective December 31, 2008.  *See* 2008 Ariz. Sess. Laws, ch. 301, §§ 10, 120.  No substantive changes were made to the definition of a "[v]ehicle" and, for ease of reference, we refer to the subsection as it is currently numbered.

water skis were classified as vehicles. Streck relies on *M.J.S. v. State*, 453 So. 2d 870 (Fla. Dist. Ct. App. 1984), in which the Florida District Court of Appeal ruled that a backhoe was not a vehicle under a Florida statute similar to Arizona's. 453 So. 2d at 871-72. Citing A.R.S. § 28-2153, Streck also points out that "Arizona's statutes treat tractors differently from other automotive equipment" by not requiring their registration with the Department of Transportation.

¶6         We need not look to Florida, however, because in *In re Adam P.*, 201 Ariz. 289, 34 P.3d 398 (App. 2001), Division One of this court, addressing a similar issue, held that a golf cart fit the definition of a vehicle because it is a device "upon which a person 'is or may be transported'" and is explicitly described as a motor vehicle in A.R.S. § 28-101. 201 Ariz. 289, ¶ 10, 34 P.3d at 400, *quoting* §13-105(40) (formerly § 13-105(36)) (emphasis omitted). Streck urges us to discount *Adam P.*, arguing, "The court's method of statutory interpretation in *Adam P.* was defective" because it did not consider whether its interpretation would lead to "absurd consequences."[3] But Streck cites no authority supporting his contention that the court should have looked beyond the plain meaning of the statute to avoid an absurd result on a question not before it. Likewise, he does not explain how the court erred in applying the definitions found in §§ 13-105 and 28-101 to conclude a golf cart is a "vehicle" and a "means of transportation" for purposes of §§ 13-105 and 13-1814.

---

[3]Because the issue was not squarely before it, the court in *Adam P.* expressly declined to consider whether a "go-ped" falls within the statutory definition of a vehicle, and we likewise see no reason to dwell on whether riding lawnmowers or water skis are vehicles for purposes of this case. *See Adam P.*, 201 Ariz. 289, ¶ 11, 34 P.3d at 400.

4

¶7 When we interpret a statute, our analysis begins and ends with its plain language if it is unambiguous. *See Bentley v. Building Our Future*, 217 Ariz. 265, ¶ 13, 172 P.3d 860, 865 (App. 2007). As mentioned above, Streck does not dispute that a tractor falls within the plain language of § 13-105(40), as "a device in, upon or by which any person or property" can be "transported or drawn upon a highway." Clearly, tractors can be and have been driven on Arizona highways. *See, e.g.*, *Williams ex rel. Dixon v. Thude*, 180 Ariz. 531, 533, 885 P.2d 1096, 1098 (App. 1994) (involving collision between car and tractor on highway); *Chavarria v. Ford Motor Co.*, 124 Ariz. 158, 158-59, 602 P.2d 826, 826-27 (App. 1979) (involving tractor rollover accident on street); *Harbor Ins. Co. v. United Servs. Auto. Ass'n*, 114 Ariz. 58, 60, 559 P.2d 178, 180 (App. 1976) (involving collision between van and tractor on public road); *see also* A.R.S. § 28-101(51) (defining "highway" as a "way [that] is open to the use of the public for purposes of vehicular travel").

¶8 Although we agree that tractors are treated differently from other automotive equipment, *see Williams*, 180 Ariz. at 535, 885 P.2d at 1100, nothing in the statutory definition suggests § 13-105(40) applies only to vehicles regularly traveling on highways and subject to the same regulations as automobiles. Indeed, the legislature has expressly defined a farm tractor as a "motor vehicle" in § 28-101(21) for the purposes of our transportation laws. *See Adam P.*, 201 Ariz. 289, ¶ 10, 34 P.3d at 400 (employing definition from title 28, A.R.S., to interpret § 13-105). Accordingly, we hold that a tractor is a "vehicle" for the purposes of § 13-1814.

**¶9** Streck next contends a portion of the restitution he was ordered to pay was for noncompensable expenses. We review a trial court's award of restitution for an abuse of discretion. *See In re Stephanie B.*, 204 Ariz. 466, ¶ 8, 65 P.3d 114, 116 (App. 2003). Pursuant to § 13-804, the trial court ordered Streck to pay the victim $1,677.40 for lost wages and towing, and $113.77 for expenses she incurred in traveling back to Tucson from Texas to investigate the missing tractor. Citing *State v. Guilliams*, 208 Ariz. 48, ¶ 1, 90 P.3d 785, 787 (App. 2004); *State v. Wilkinson*, 202 Ariz. 27, 39 P.3d 1131 (2002); and our recent opinion in *State v. Slover*, No. 2 CA-CR 2007-0379, 2009 WL 295027 (Ariz. Ct. App. Feb. 9, 2009), Streck argues the victim's investigation expenses were not direct but consequential damages resulting from the theft of the tractor. We agree.

**¶10** We find *Slover* controlling. There, we reversed a restitution award of attorney fees to a widow after she had hired an attorney who pressured the state to prosecute her husband's murder, actively searched for the defendant in other states, and assisted in the preservation of evidence. *Id*. ¶¶ 7, 9. We determined such tasks "were actually the state's responsibility . . . [and] not incurred as a direct result of the offenses." *Id*. ¶ 9. Similarly, here, the victim's costs arose "from either the state's inability to [investigate] the case independently and competently or [her] mistrust that it would do so." *Id*. ¶ 8. Investigating and locating the stolen tractor were the state's responsibility, and private costs associated with these tasks, while understandable from the victim's perspective, were not properly included in the restitution award.

**Disposition**

¶11     For the reasons set forth above, Streck's conviction and sentence are affirmed, but the total restitution award is modified and reduced by the sum of $113.77,[4] for expenses improperly included in the award.

_____
PHILIP G. ESPINOSA, Judge

CONCURRING:


_____
JOHN PELANDER, Chief Judge



_____
PETER J. ECKERSTROM, Judge

---

[4]Although Streck argues generally that the court erred in imposing restitution for costs, including the victim's "lost wages and travel incurred for her investigation," at the restitution hearing he expressly acquiesced to the towing and lost wages, as compensable expenses. Therefore, we vacate only the portion of the award pertaining to travel costs that Streck challenged below. _See State v. Baltzell_, 175 Ariz. 437, 439, 857 P.2d 1291, 1293 (App. 1992) (failure to object to components of award at restitution hearing waives all but fundamental error); _Moreno-Medrano_, 218 Ariz. 349, ¶ 17, 185 P.3d at 140 (appellant must argue fundamental error to invoke review of waived issue).