NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

TAKISHA MURRAY, *Petitioner/Appellee,*

*v.*

ANDREW MURRAY, *Respondent/Appellant.*

No. 1 CA-CV 22-0678 FC
FILED 11-30-2023

Appeal from the Superior Court in Maricopa County
No. FC2021-091747
The Honorable Marvin L. Davis, Judge

**AFFIRMED**

COUNSEL

Dickinson Wright PLLC, Phoenix
By Marlene A. Pontrelli, Vail C. Cloar, Alexandra Crandall
*Counsel for Plaintiff/Appellant*

Thomas A. Morton, PLLC, Phoenix
*Counsel for Petitioner/Appellee*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge Paul J. McMurdie joined.

---

**T H U M M A**, Judge:

¶1            Andrew Murray (Father) appeals from the denial of his motion for relief from a Consent Decree dissolving his marriage to Takisha Murray (Mother). Because Father has shown no error, the order is affirmed.

**FACTS AND PROCEDURAL HISTORY**

¶2            Father and Mother were married in 2010 and have two minor children. In 2021, Wife petitioned for divorce. For several months, the parties negotiated a possible resolution. In 2022, when the case had been pending for more than a year, the parties submitted a "Consent Decree of Dissolution of Marriage" to the court. Totaling 24 pages, with six exhibits, the comprehensive Consent Decree was signed by both parties, with signatures notarized. It expressly stated that "each party affirms that the findings and the orders set forth herein are true and correct" and that they agreed "to the entry of this Consent Decree without a hearing."

¶3            The Consent Decree awarded Mother sole legal decision-making authority and parenting time over the minor children. An attached Child Support Worksheet showed that Father made $2,600 per month, about $400 more than Wife, resulting in Father paying $276 per month in child support. The Consent Decree, however, provided (1) "[t]he parties agree to deviate to no child support being ordered in this matter" and (2) "[i]n lieu of child support, [Mother] shall receive a greater percentage of distributions from" a community business called "Fix Media, LLC." Specifically, "[Father] agrees that any and all income and owner distributions received from [Fix Media, LLC] shall be paid 61% to [Mother], 39% to [Father]," which they expressly agreed "will be greater than the calculated child support amount of $276.00 per month."

¶4            The Consent Decree also allowed Mother to possess the marital residence until the children turned 18, with all eventual sale proceeds being divided equally, and required Father to submit to drug

testing at Wife's request for two years, with parenting time conditioned on negative test results.

**¶5**        The superior court entered the Consent Decree as submitted in June 2022, without a hearing, finding it was "knowingly, intelligently and voluntarily entered into" and that "neither party [was] under any force, threat, duress, coercion or undue influence." No timely appeal was taken from the Consent Decree. *Cf. Douglas v. Governing Bd. of Window Rock School*, 221 Ariz. 104, 108 ¶ 9 (App. 2009) ("It is a well-established rule that a party cannot appeal from a judgment to which it consents.") (citing cases). More than two months later, Father filed a "Motion for Relief Pursuant to Rule 85," claiming the Consent Decree resulted from Mother's "misconduct in inducing [Father] to sign the Decree and because [Father] lacked capacity to enter into any agreement regarding division of assets." After full briefing, the court denied the Rule 85 Motion. In December 2022, Father filed a motion for a hearing "to determine the fairness" of the June 2022 Consent Decree. The court denied the motion.

**¶6**        This court has jurisdiction over Father's timely appeal from the denial of his Rule 85 motion pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1) and -2101(A)(1) (2023).[1]

## DISCUSSION

**¶7**        Father argues the superior court erred in (1) denying his Rule 85 motion (including that Mother's response did not properly dispute the allegations in the motion) and (2) denying him due process by refusing to hold an evidentiary hearing on the motion.

**I.      Husband Has Not Shown the Superior Court Abused Its Discretion in Denying His Rule 85 Motion.**

**¶8**        Husband's Arizona Rule of Family Law Procedure (Rule) 85 motion relied on Rule 85(b)(3) and (6). This court reviews the denial of a Rule 85 motion for an abuse of discretion. *Duckstein v. Wolf*, 230 Ariz. 227, 231 ¶ 8 (App. 2012).

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

### A. Husband Has Shown No Abuse of Discretion in the Superior Court Rejecting His Claim of Fraud, Misrepresentation, or Other Misconduct by Mother Under Rule 85(b)(3).

¶9        The superior court "may relieve a party . . . from a judgment" if that party shows "fraud . . . misrepresentation, or other misconduct of an opposing party." Rule 85(b)(3). A decree may be set aside under Rule 85(b)(3) when it was entered due to a party concealing material facts and suppressing the truth with the intent to mislead the court. *McNeil v. Hoskyns*, 236 Ariz. 173, 177 ¶ 15 (App. 2014). Relief may be granted when "a party has prevented a real contest before the court of the subject matter of the suit" or has "committed some intentional act or conduct . . . [that] has prevented the unsuccessful party from having a fair submission of the controversy." *Alvarado v. Thomson*, 240 Ariz. 12, 16 ¶17 (App. 2016) (citation omitted).

¶10        Father argues he is entitled to relief under Rule 85(b)(3) because Mother's response to his motion "did not refute Father's allegations that she knew of his substance abuse related to his substance use disorder" and that the Consent Decree's "focus on drug testing confirms Mother's knowledge of Father's ongoing drug use." The Consent Decree itself reflects that Mother knew of Father's substance abuse - it expressly requires Father to participate in drug testing as a condition of parenting time. Father's substance abuse and Mother's knowledge of his substance abuse, however, does not prove the Consent Decree was the result of fraud, misrepresentation, or other misconduct by Mother. *See* Rule 85(b)(3).

¶11        Father's other argument under Rule 85(b)(3) is that the Consent Decree "unlawfully substitutes property division for child support" and that "the property division is not equal." But parties can agree to an unequal property division and to deviate from the child support Guidelines.[2] A.R.S. § 25-317(A)-(B); *see also Meek v. Meek*, 1 CA-CV 23-0010 FC ¶ 25 (Ariz. App. Nov. 14, 2023) (citing cases); *Ertl v. Ertl*, 252 Ariz. 308, 312 ¶12 (App. 2021) ("Arizona has long recognized that parties can enter a separation agreement disposing of rights to property as they desire").[3]

---

[2] Under A.R.S. § 25-317(F)-(G), the parties cannot make the child support non-modifiable, meaning the obligation could be changed in the future.

[3] To the extent Husband seeks to raise the issue of property substitution for child support for the first time on appeal, that argument is waived. *See*

Indeed, the cases Father cites do not address consent decrees or Rule 69 agreements but, rather, what the law requires when there is no such agreement. *See Koelsch v. Koelsch*, 148 Ariz. 176, 178 (1986) (addressing contested award of pension benefits); *In re Marriage of Foster*, 125 Ariz. 208, 210 (App. 1980) (appeal following contested trial); *Buttram v. Buttram*, 122 Ariz. 581, 582 (similar).

**¶12**        Finally, Father alleged that Mother (1) "engaged in high-pressure negotiations with [Father] to facilitate the adoption of" the Consent Decree; (2) "utilized high-pressure tactics to induce [Father] to sign documents," and (3) submitted "a drastically different document for [Father] to sign than what the parties had negotiated." Father offered nothing to support these allegations and attached no "drastically different" documents to his Rule 85 Motion. Having continued the case on the inactive calendar for months to allow the parties to negotiate the detailed, comprehensive, notarized Consent Decree, the court was not obligated to accept the summary allegations in the motion. On this record, Father has not shown the superior court abused its discretion in rejecting his Rule 85(b)(3) argument.

> **B.      Husband Has Shown No Abuse of Discretion in the Superior Court Finding There Was No Other Reason Justifying Relief from the Decree Under Rule 85(b)(6).**

**¶13**        The superior court may relieve a party from a final judgment if the party can show any other reason justifying relief. *See* Rule 85(b)(6). Father claims (1) he was not capable of agreeing to the decree; and (2) the Consent Decree unlawfully substitutes property division for child support.

**¶14**        Father's argument that he was not capable of agreeing to the Consent Decree is based on Mother's knowledge that he admitted to using drugs during settlement negotiations. But Father's Rule 85 Motion did not allege that he was so impaired while signing the Consent Decree that he was legally incapable of forming an agreement. Nor did his Rule 85 Motion allege that he was legally incapacitated during the months the parties negotiated the Consent Decree. On this record, he did not allege that he was legally incapable of agreeing to the Consent Decree. Accordingly, Father shows no error in the court denying his Rule 85(b)(6) argument.

---

*Odom v. Farmers Ins. Co. of Ariz.*, 216 Ariz. 530, 535 ¶ 18 (App. 2007) ("Arguments raised for the first time on appeal are untimely and deemed waived.").

¶15        Finally, Father claims the Consent Decree contained "unlawful terms." In substance, Father argues the Consent Decree divided the community assets in a manner that was different than how they would have been divided had the petition been resolved by the court after a contested trial. That may be, but the parties can resolve a divorce proceeding in an agreement that differs from what the law would require. *See Ertl*, 252 Ariz. at 312 ¶12. Father agreed to give Wife 61 percent of his interest in "Fix Media, LLC," allow Wife to have exclusive possession of the marital home until their youngest child turns 18, and award Wife one-half interest in a 401(k) account. Husband could have insisted on a different distribution scheme at the time of dissolution and now fails to prove the decree terms are inequitable or unfair.

¶16        Terms in the Consent Decree that differ from what could have been in a decree issued after trial does not make them unlawful. Father cites no authority to the contrary and has shown no error in the court denying him relief under Rule 85(b)(6).[4]

## II.    Father Has Not Shown the Superior Court Was Required to Hold a Hearing.

¶17        Father argues the superior court violated his due process rights by denying his Rule 85 motion without conducting a hearing. This court reviews a decision on whether to hold an evidentiary hearing for an abuse of discretion. *State v. Wassenaar*, 215 Ariz. 565, 576 ¶ 48 (App. 2007).

¶18        Father's December 2022 motion for an evidentiary hearing came long after the entry of the June 2022 Consent Decree, and he did not appeal from the denial of that December 2022 motion. Accordingly, that issue is not properly before the court.

¶19        Nor did he accompany his Rule 85 Motion with a separate request for an evidentiary hearing. Similarly, the Rule 85 Motion did not request an evidentiary hearing on the allegations in that filing. Instead, the Rule 85 Motion concluded by asking the court "to set aside the [Consent] Decree and to schedule an Evidentiary Hearing on the underlying Petition." By failing to request an evidentiary hearing on his Rule 85 Motion timely,

---

[4] Because the superior court did not err in denying Father's Rule 85 Motion, indicating it lacked a colorable claim, Father's argument that Wife's response was insufficient fails.

Father waived the right to a hearing. *Cf. State v. Barr*, 217 Ariz. 445, 448 ¶ 9 (App. 2008).

**¶20**　　　　Waiver aside, Father has shown no due process right to a hearing. Even so, Father's Rule 85 Motion failed to identify material issues or present a colorable claim. Thus, the superior court did not deny him due process when denying his Rule 85 Motion without a hearing. *Cf. Volk v. Brame*, 235 Ariz. 462, 466 ¶14 (App. 2014) (due process requires an evidentiary hearing when a materially contested issue turns on credibility).

### III.　　Mother Is Awarded Her Reasonable Attorneys' Fees On Appeal.

**¶21**　　　　Mother requests an award of her attorneys' fees on appeal pursuant to A.R.S. § 25-324. By filing this appeal, Father has continued to expand the proceedings on a motion that was properly rejected as a matter of law. Thus, and also having considered the financial resources of both parties, in the court's discretion, Mother's request for reasonable attorneys' fees incurred on appeal is granted, conditioned upon her compliance with ARCAP 21.

### CONCLUSION

**¶22**　　　　The superior court's denial of Father's Rule 85 motion is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:　　AA