NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

JOSHUA JOSEPH CURRAN, *Petitioner/Appellant*,

*v.*

BRITTANY LEE CURRAN, *Respondent/Appellee*.

No. 1 CA-CV 25-0615 FC

FILED 04-21-2026

Appeal from the Superior Court in Maricopa County
No. FC2017-093751
The Honorable Andrew J. Russell, Judge

**AFFIRMED**

COUNSEL

Joshua Joseph Curran, Phoenix
*Petitioner/Appellant*

Sloma Law Group, PLLC, Phoenix
By Sue A. Jones and Melinda M. Sloma
*Counsel for Respondent/Appellee*

_____

**MEMORANDUM DECISION**

Presiding Judge Andrew M. Jacobs delivered the decision of the Court, in which Judge Brian Y. Furuya and Judge James B. Morse Jr. joined.

_____

**J A C O B S**, Judge:

¶1        Petitioner Joseph Curran ("Father") appeals the superior court's order denying modification of parenting time, granting Brittany Curran ("Mother") final say for medical decisions, modifying Father's child support payments, and awarding Mother a portion of her reasonable attorneys' fees and costs.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

### A.        Mother and Father Divorce Via Consent Decree in 2018.

¶2        Mother and Father share two children.  They divorced in 2018 and entered into a consent decree through which they agreed to exercise joint legal decision-making and approximately equal parenting time.  Mother and Father went approximately six years without seeking modification of their consent decree.

### B.        In 2024, Mother Petitions to Modify Legal Decision-Making Authority, Parenting Time, and Child Support, and Later Petitions for Contempt Sanctions Against Father.

¶3        In 2024, Mother petitioned to modify legal decision-making authority, parenting time, and child support.  Mother sought sole or final legal decision-making authority, citing repeated difficulties working with Father to obtain medical treatment for the children, even when recommended by their pediatrician and required by their school.  Mother limited her request to modify parenting time to trying to find a schedule that worked better with Father's irregular work schedule.  Father did not oppose the request to modify parenting time.

¶4        Mother later petitioned the court to find Father in contempt based on his failure to pay his portion of uninsured medical expenses and agreed-upon extracurricular expenses related to the children.

### C. The Court Grants Father's Counsel's Request to Withdraw and Denies Father's Motion to Continue the Evidentiary Hearing.

¶5 A final orders hearing was originally scheduled to take place on February 7, 2025. In lieu of a final orders hearing, however, Mother and Father engaged in unsuccessful settlement negotiations at the courthouse. On February 10, 2025, the court rescheduled the final orders hearing for April 17, 2025. On April 3, 2025, Father moved to continue the April 17, 2025 hearing. That same day, Father's counsel also moved to withdraw with Father's consent, citing Ethical Rule 1.16(a)(3) — "the lawyer is discharged" — and Mother objected to Father's motion to continue. Notably, although counsel moved to withdraw on April 3, 2025, Father's signed consent attached to the motion was dated March 4, 2025.

¶6 The court heard argument on Father's motion to continue at an April 10, 2025 status conference, at which counsel represented Father. Father argued he needed more time to obtain substitute counsel before the evidentiary hearing. The court noted, however, that Father's counsel was withdrawing per Father's request. Mother argued against a continuance, explaining further delay would harm the children, who were still waiting on doctor's appointments and school-mandated immunizations because of Father's opposition to them. Although Father argued he had a detailed position as to vaccinations, he was not prepared to discuss it when the court prompted him.

¶7 The court ultimately granted Father's counsel's request to withdraw and denied Father's motion to continue, stating it "reek[ed] of delay." The court reasoned that "[d]ue process goes both ways . . . and the best interests of the children is the overriding concern."

### D. The Court Holds an Evidentiary Hearing and Issues Final Orders Granting Mother's Petitions in Part.

¶8 The court proceeded with the evidentiary hearing on April 17, 2025. Although without counsel, Father testified, presented argument, cross-examined Mother, and made objections. Father agrees the court "was very accommodating and tolerant."

¶9 Shortly thereafter, the court issued a reasoned decision granting Mother some of the relief she requested. The primary change by the court was awarding Mother "final say" with regard to medical decisions on behalf of the children. The court went through a detailed best-interests analysis, ultimately finding that Mother "seeks to follow advice from

3

medical professionals, including the pediatrician who has treated both children their entire lives," and "has a scientific, evidence-based position that is in the children's best interests." Despite making this change, the court found "no evidence suggests th[at] either [parent] should now be removed from the decision-making process," and that "[b]oth [parents] have valuable information to add."

**¶10** The court also found Father in contempt "for his failure to timely pay the medical expenses and extracurricular expenses identified in Mother's Contempt Petition." The court relied on Mother's timely provision of receipts to Father and concluded that "Father's refusal to pay these amounts was petty and another sign of the difficulty he experiences cooperating with Mother."

**¶11** Finally, the court awarded Mother a portion of her attorneys' fees under A.R.S. § 25-324, finding that "Father has taken unreasonable positions and acted unreasonably throughout this litigation," and that "Father's actions and positions forced Mother to incur attorneys' fees that should never have been necessary."

**¶12** Father timely appealed. We have jurisdiction over Father's appeal from the superior court's orders, Ariz. Const. art. 6, § 9; A.R.S. § 12-2101(A)(1), except to the extent Father appeals the superior court's contempt ruling. We lack appellate jurisdiction to review the contempt ruling because "this court lacks jurisdiction 'over an appeal from a civil contempt adjudication.'" *Eans-Snoderly v. Snoderly*, 249 Ariz. 552, 555 ¶ 8 (App. 2020) (quoting *Danielson v. Evans*, 201 Ariz. 401, 411 ¶ 35 (App. 2001)). In our discretion, however, we treat that portion of the appeal as a special action and accept jurisdiction over it because Father has no adequate remedy by appeal, the issue is fully briefed and can be resolved on the existing record, and accepting jurisdiction here aids the efficient management of this dispute. Ariz. R.P. Spec. Act. 11(e); Ariz. R.P. Spec. Act. 12(b)(5), (7).

## DISCUSSION

**The Superior Court Did Not Abuse Its Discretion or Deprive Father of Due Process When It Denied Father's Motion to Continue.**

**¶13** Motions to continue are within the superior court's sound discretion, and "[w]e will uphold a trial court's denial of a motion for continuance absent a clear abuse of discretion and resulting prejudice." *State v. Barr*, 217 Ariz. 445, 447 ¶ 6 (App. 2008). The superior court abuses

its discretion when its ruling is "manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *Quigley v. City of Tucson*, 132 Ariz. 35, 37 (App. 1982). The superior court also abuses its discretion when "the record fails to provide substantial support for its decision." *Files v. Bernal*, 200 Ariz. 64, 65 ¶ 2 (App. 2001). A legal error is necessarily an abuse of discretion. *Voice of Surprise v. Hall*, 255 Ariz. 510, 513 ¶ 11 (2023).

¶14 Father argues the court erred and deprived him of due process by denying his motion to continue. Father repeatedly refers to the seven-day window between the court granting his counsel's request to withdraw and the evidentiary hearing, which he urges deprived him of the opportunity to be heard in a "meaningful manner." Mother responds that Father had at least 44 days' notice between the day he signed his consent to counsel's withdrawal and the date of the evidentiary hearing to either hire alternate counsel or adequately prepare himself for the hearing. Mother also points out that Father participated meaningfully in the evidentiary hearing by testifying, making arguments, cross-examining Mother, and making objections.

¶15 In related contexts, we have previously held that "[t]he court did not abuse its discretion in finding that Father's desire to hire new counsel was not good cause for a continuance." *In re Z.L.*, 256 Ariz. 138, 142 ¶ 16 (App. 2023); *see also Evans v. Lundgren*, 11 Ariz. App. 441, 445 (1970) (where the party requesting a continuance "consented to the withdrawal of their counsel and had had three months to obtain new counsel . . . the trial court [did not] in any way abuse[] its discretion by denying the motion for continuance").

¶16 Arizona Rule of Family Law Procedure 34(c) requires the party requesting the continuance to demonstrate:

> (1)    the basis for the good cause for a continuance;

> (2)    when the party learned of the circumstance(s) which form(s) the basis for the good cause and why the motion was not or could not have been brought at an earlier date;

> (3)    the party's diligence and efforts in attempting to avoid the circumstance(s) which form(s) the good cause for the continuance;

> (4)  the prejudice which may be caused to either party or
> any children at issue in the action by granting the continuance
> and by denying the continuance; and
>
> (5)  the continuance is sought in good faith and not for
> delay or another improper purpose.

Ariz. R. Fam. Law P. 34(c).

¶17       The court did not err in denying Father's motion to continue based on its findings that Father's dismissal of his counsel was not good cause for a continuance, that he likely brought his motion for the purpose of delay, and that granting the continuance would prejudice the children. He had more than two months' notice of the evidentiary hearing and knew at least 44 days prior to the hearing that he had consented to his counsel's withdrawal. Father's failure to seek a continuance or substitute counsel at an earlier date shows his lack of diligence and supports the court's denial of his motion for a continuance filed just two weeks prior to the evidentiary hearing. And we attach no weight to Father's insistence that his consent was conditioned upon receiving a continuance to obtain substitute counsel, or that counsel's withdrawal was predicated on a conflict of interest, because the record supports neither assertion. *See* ARCAP 13(A)(7).

¶18       Nor has Father demonstrated any resulting prejudice. The court's final order represents a balanced approach, taking both parties' positions into consideration, largely preserving the parties' prior joint legal decision-making arrangement, incorporating stipulations from Father's pretrial statement, and lowering Father's child support obligations. The court's reasoning supporting finding Father in contempt and awarding Mother a portion of her reasonable attorneys' fees primarily relate to his conduct while represented by counsel and cannot reasonably be attributed to the denial of the motion to continue.

¶19       Ultimately, Father had sufficient notice and a meaningful opportunity to be heard, which are the primary tenets of due process. *See Huck v. Haralambie*, 122 Ariz. 63, 65 (1979). And Father has not shown any prejudice from the denial of the continuance — meaning he has not shown the court's order would have been different.

## CONCLUSION

**¶20**       For the foregoing reasons, we affirm.  We grant Mother her costs as the prevailing party in this appeal, and her request for her reasonable attorneys' fees under A.R.S. § 25-324(A), subject to her compliance with ARCAP 21.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR