IN THE

# ARIZONA COURT OF APPEALS

DIVISION TWO

———————————

THE STATE OF ARIZONA,
*Petitioner*,

*v.*

HON. KENNETH LEE, JUDGE OF THE SUPERIOR COURT OF THE
STATE OF ARIZONA, IN AND FOR THE COUNTY OF PIMA,
*Respondent*,

*and*

L.N.,
*Real Party in Interest*.

No. 2 CA-SA 2014-0057
Filed December 18, 2014

———————————

Special Action Proceeding
Pima County Cause No. CR20142391001

**JURISDICTION ACCEPTED; RELIEF GRANTED**

———————————

COUNSEL

Barbara LaWall, Pima County Attorney
By Jacob R. Lines, Deputy County Attorney, Tucson
*Counsel for Petitioner*

Lori J. Lefferts, Pima County Public Defender
By David J. Euchner and Elena M. Kay, Assistant Public Defenders,
Tucson
*Counsel for Real Party in Interest*

## OPINION

Chief Judge Eckerstrom authored the opinion of the Court, in which Presiding Judge Miller and Judge Espinosa concurred.

E C K E R S T R O M, Chief Judge:

¶1 In this special action, the State of Arizona challenges the respondent judge's order remanding real party in interest L.N. to the juvenile division of the Pima County Superior Court after the state sought to prosecute him as an adult on felony charges. The respondent judge found the state did not sustain its burden of establishing the class six felony delinquency adjudications were historical prior felony convictions for purposes of A.R.S. § 13-501(A) and (H)(2), and A.R.S. § 13-105(22)(c). The state maintains the respondent abused his discretion by so finding. We agree and grant relief for the reasons stated below.

### Factual and Procedural Background

¶2 The following facts and procedural history were either undisputed below, are undisputed in this special-action proceeding, or are supported by three minute entries from delinquency proceedings in the juvenile court that were before the respondent judge when he issued the ruling that is the subject of this special action. L.N. was born in July 1998 and is currently sixteen years old. On May 16, 2013, L.N. was adjudicated delinquent based on criminal acts alleged in three separately dated delinquency petitions. With respect to a December 19, 2012 petition, the juvenile court found he had possessed drug paraphernalia, a class six felony, in violation of A.R.S. § 13-3415. Based on two other petitions, one dated October 10, 2012, and the other April 3, 2013, L.N. was adjudicated delinquent based on three class one misdemeanors: shoplifting, possession/use of marijuana, and possession of drug paraphernalia. The juvenile court placed L.N. on probation and issued a "First

Felony Adjudication Notice," the notice required by A.R.S. § 8-341(C).[1]

**¶3**　　　In August 2013, L.N. was adjudicated delinquent in connection with a July 18, 2013 petition for possessing or using less than two pounds of marijuana, a class six felony, in violation of A.R.S. § 13-3405(A)(1).[2]　At the August 30 disposition hearing, the court placed him on Juvenile Intensive Probation Supervision (JIPS) and signed a Repeat Felony Adjudication Notice as required by § 8-341(E).[3]

**¶4**　　　On June 9, 2014, the state charged L.N. with possession of a deadly weapon by a prohibited possessor, a class four felony, in violation of A.R.S. § 13-3102(A)(4),[4] and theft of a firearm, a class six

---

[1]The statute provides that a juvenile who has been adjudicated of a felony for the first time must be provided written notice that as a first-time felony offender, if he were to be adjudicated of another "offense that would be a felony offense if committed by an adult" there could be various consequences, including prosecution as an adult.　§ 8-341(C).

[2] The juvenile court failed to include the marijuana adjudication in its August 30, 2013 disposition order, an apparent oversight, subsequently correcting the order nunc pro tunc in its July 2014 order, to include the adjudication for that offense.　When it did so, it again erred by referring to the shoplifting statute, A.R.S. § 13-1805(A)(1); clearly, it had intended to refer to A.R.S. § 13-3405(A)(1), as it had in the August 15, 2013 adjudication order.

[3]The statute provides that when a juvenile who is fourteen years of age or older has been adjudicated as a repeat felony offender, he or she must be provided with the following notice:　"[I]f you are arrested for another offense that would be a felony offense if committed by an adult and if you commit the other offense when you are fifteen years of age or older, you will be tried as an adult in the criminal division of the superior court."　§ 8-341(E).

[4]L.N. was charged with violating the statute for possessing a handgun "having been adjudicated delinquent as a juvenile," in

felony, in violation of A.R.S. § 13-1802(A)(1). In accordance with § 13-501(D), the state filed a notice stating L.N. was a chronic felony offender, "a juvenile who has had two prior and separate adjudications and dispositions for conduct that would constitute a historical prior felony conviction if the juvenile had been tried as an adult," § 13-501(H)(2), and he was subject to mandatory prosecution as an adult pursuant to § 13-501(A).

¶5          L.N. filed a motion for determination of chronic felony offender status and requested a hearing pursuant to § 13-501(E). Although he conceded in his motion that he had two delinquency adjudications and dispositions for felony offenses, he argued that, based on a policy of the Pima County Attorney's Office (PCAO) regarding the prosecution of adults for these kinds of offenses, he would have been charged with misdemeanors had he committed the offenses as an adult. He argued this disparate treatment of adults and juveniles violated his right to "equal protection under the law," and asked the respondent to find he is not a chronic felony offender and remand him to the juvenile court on the charges.

¶6          At the July 1, 2014 hearing on his motion, L.N. once again conceded he had two felony adjudications but informed the respondent judge that he had filed a motion in juvenile court "to see if these can be made to misdemeanors." He argued that for this reason and because his equal protection rights were being violated, the respondent should find he was not a chronic felony offender and transfer the case to the juvenile court. The respondent did not rule on the equal protection argument, but commented he was "not going to find a violation." He denied the motion, permitting L.N. to re-file the motion after the juvenile court ruled on the request to re-designate the felonies as misdemeanors.

¶7          After the juvenile court denied that request, L.N. filed a "motion for reconsideration o[r] redetermination of chronic felony offender status." At the August 4 hearing on L.N.'s second motion,

---

violation of § 13-3101(A)(4), based on the definition of a prohibited possessor as a person "[w]ho has been adjudicated delinquent for a felony." A.R.S. § 13-3101(7)(b).

the state introduced certified copies of minute entries from L.N.'s juvenile court record dated May 16, 2013, August 30, 2013, and July 18, 2014. The respondent found that "[t]he documents presented to the Court reflect one cause number where the defendant has been adjudged delinquent and disposition was entered," which suggested to him there had not been separate adjudications. He also noted the state had acknowledged that the PCAO policy permitted prosecutors to charge adults who commit possession of marijuana and possession of drug paraphernalia with misdemeanors rather than class six felonies. The respondent found the state had not sustained its burden of proving by a preponderance of the evidence that L.N. is a chronic offender, *see* § 13-501(E), and transferred L.N. to the juvenile court, *see* A.R.S. § 8-302.

¶8 The state filed a motion for reconsideration, asking the respondent to consider additional juvenile court records to establish L.N.'s chronic felony offender status. The respondent denied that request and denied the motion. This petition for special-action relief followed.[5]

---

[5]At the hearing on L.N.'s motion for reconsideration of his status as a chronic felony offender, the state asked the respondent to "take judicial notice of" L.N.'s entire juvenile file if "additional record is needed." The respondent denied that request, apparently believing the records were confidential, and refused to take judicial notice of the records, noting they were not, in any event, accessible to him. He also refused the state's request to supplement the record. The state challenges the respondent's rulings and has included these additional portions of L.N.'s juvenile court record in its appendix to the special-action petition. L.N. argues we may not consider those documents because they were not before the respondent when he ruled. We need not address the state's record-related challenges because, as discussed below, the minute entries that were before the respondent established L.N.'s chronic felony offender status.

## Special-Action Jurisdiction

**¶9** We accept jurisdiction of this special action for several reasons. First, as L.N. concedes, the state has no remedy by appeal. *See* Ariz. R. P. Spec. Actions 1(a); A.R.S. § 13-4032 (specifying orders in criminal action state may appeal). Moreover, the challenged order is interlocutory in nature. *See Andrews v. Willrich*, 200 Ariz. 533, ¶ 3, 29 P.3d 880, 882 (App. 2001); *cf. State ex rel. Romley v. Superior Court*, 170 Ariz. 339, 341, 823 P.2d 1347, 1349 (App. 1991) (order denying state's discretionary motion to transfer juvenile for prosecution as adult under former statutes not final, appealable order). Additionally, the issues raised involve the interpretation and application of § 13-105(22) and § 13-501, pure questions of law, *see In re Aaron M.*, 204 Ariz. 152, ¶ 2, 61 P.3d 34, 35 (App. 2003), which are particularly suited for special-action review, s*ee State ex rel. Romley v. Martin*, 203 Ariz. 46, ¶ 4, 49 P.3d 1142, 1143 (App. 2002). Finally, the issues involve matters of first impression and statewide importance. *Id.*; *see also State v. Fields*, 232 Ariz. 265, ¶ 6, 304 P.3d 1088, 1090 (App. 2013).

## Separate and Distinct Felony Adjudications

**¶10** The state contends the respondent judge erred in finding it failed to sustain its burden of establishing L.N. had "two prior and separate adjudications and dispositions," § 13-501(H)(2), because the adjudications appear under one cause number. The state maintains that if the respondent properly had permitted it to expand the record, he would not have reached this conclusion. L.N. concedes the notices of first and repeat felony adjudications L.N. received and signed after each felony adjudication "provide overwhelming and irrefutable evidence that there were in fact two separate adjudications," but insists we may not consider them because they were not before the respondent when he ruled.[6] We

---

[6]L.N. admitted in his motion to determine his chronic felony offender status that he had two felony adjudications. Additionally, although we consider only the admitted minute entries, L.N. does not dispute that the additional documents the state has provided us, including the first and repeat felony offender notices, are accurate copies of L.N.'s juvenile court records. *Cf. State v. Rodriguez*, 205

agree the respondent judge's finding is clearly erroneous based on the minute entries introduced at the hearing on L.N.'s second motion. *See State v. Rodriguez*, 205 Ariz. 392, ¶ 18, 71 P.3d 919, 924 (App. 2003) (whether a defendant is chronic felony offender is for trial court to determine in exercise of its discretion and appellate court will "defer to the trial court's factual findings that are supported by the record and not clearly erroneous"), *quoting State v. Rosengren*, 199 Ariz. 112, ¶ 9, 14 P.3d 303, 307 (App. 2000).

**¶11**      The three minute entries establish, either directly or by inference, L.N. had been charged in delinquency petitions filed on different dates with possession of drug paraphernalia and possession or use of marijuana, and that both were charged as class six felonies. They show L.N. was adjudicated delinquent on different dates based on these petitions. Although these and other delinquency petitions were filed under one cause number ascribed to L.N., the juvenile court distinguished and identified the petitions and the charges in each by the dates on which the petitions were filed. The admitted minute entries also reflect that L.N. was provided with and signed the first and repeat felony offender notices, evidence L.N. concedes establishes distinct adjudications. We conclude the respondent abused his discretion in finding L.N. had one felony adjudication, rather than two separate and distinct adjudications and dispositions.

---

Ariz. 392, ¶¶ 19-21, 71 P.3d 919, 925 (App. 2003) (noting defendant failed to object in trial court to "nature or sufficiency" of state's evidence, which included uncertified copies of delinquency adjudication minute entries and notice of repeat felony offender status, and conceded at hearing he could not say minute entries were inaccurate copies of juvenile court record); *see also In re Sabino R.*, 198 Ariz. 424, ¶¶ 4-5, 10 P.3d 1211, 1212 (App. 2000) (superior courts authorized to take judicial notice of their own records, including juvenile court records, to establish facts necessary to matters before them, and appellate courts may similarly take judicial notice of such records); Ariz. R. Evid. 201.

**Chronic Felony Offender Status and Class Six Felonies**

¶12    During the two hearings, the respondent judge and counsel for the parties discussed the PCAO's policy of charging adult defendants who possess small amounts of marijuana or drug paraphernalia with either class six, undesignated felonies, or misdemeanors, depending on the circumstances.  No evidence was admitted regarding this policy, but at the first hearing, the prosecutor agreed that "[t]he State sometimes waives Class Six Felonies to misdemeanors."  She added, "[I]t's not as though we waive every single Class Six Felony to a misdemeanor up here either.  We do charge them."  At the second hearing, a different prosecutor stated he was not familiar with the particular facts surrounding L.N.'s two felony adjudications but "in similar cases, we usually offer, it's a felony designation, or we usually offer a Class Six Open," that is, an undesignated offense that the trial court may designate as a misdemeanor.  *See* A.R.S. § 13-604(A).  The prosecutor conceded he did not know whether L.N.'s offenses would have been prosecuted as class one misdemeanors or open-ended offenses.[7]

¶13    The respondent judge ruled that, because the class six felonies might have been charged as misdemeanors had L.N. committed them as an adult and because the state had not presented evidence that L.N. would have been charged with felonies had he been an adult, the state failed to sustain its burden of establishing L.N. was therefore a chronic felony offender.  The state contends in its special-action petition that nothing in § 13-501 "ask[s] 'what if[]' about office policies for handling certain offenses," nor does it

[7]At the second hearing and in its special-action petition, the state repeatedly has asserted the class six felonies were open-ended; that is, they remained undesignated while L.N. was on probation.  But it appears the offenses were charged as class six felonies, L.N. admitted to the offenses as charged, he was adjudicated on the charges as class six felonies, and, accordingly, he was provided the first and repeat felony offender notices after each adjudication.  Although L.N. asked the juvenile court to re-designate the offenses as misdemeanors after he was charged as an adult, the juvenile court refused that request; the charges remained class six felonies.

require consideration of how adults generally are charged in a given prosecuting attorney's office. We agree.

**¶14** Whether a juvenile is a chronic felony offender is "a finding of fact for the trial court to make, and '[w]e defer to the trial court's factual findings that are supported by the record and not clearly erroneous.'" *Rodriguez*, 205 Ariz. 392, ¶ 18, 71 P.3d at 924, *quoting Rosengren*, 199 Ariz. 112, ¶ 9, 14 P.3d at 307 (alteration in *Rodriguez*). Based on errors of law in interpreting and applying § 13-501, however, the respondent abused his discretion in finding the evidence insufficient, given the record before him. *See State v. George*, 206 Ariz. 436, ¶ 6, 79 P.3d 1050, 1054 (App. 2003) (matters of statutory interpretation present questions of law, which appellate court reviews de novo).

**¶15** Section 13-501 was enacted in 1997 in order to effectuate and implement article 4, pt. 2, § 22 of the Arizona Constitution, a constitutional amendment that took effect after Arizona voters passed the Juvenile Justice Initiative, or Proposition 102. 1997 Ariz. Sess. Laws, ch. 220, § 72; *see State v. Davolt*, 207 Ariz. 191, ¶ 100, 84 P.3d 456, 479 (2004); *see also Rodriguez*, 205 Ariz. 392, ¶ 12, 71 P.3d at 923. The amendment's "stated intent . . . was to make possible more effective and more severe responses to juvenile crime"; accordingly, it required the state to prosecute juveniles as adults in specified circumstances. *Davolt*, 207 Ariz. 191, ¶ 100, 84 P.3d at 479; *see also In re Cameron T.*, 190 Ariz. 456, 459, 949 P.2d 545, 548 (App. 1997). The amendment mandated, inter alia, that "[j]uveniles 15 years of age or older who are chronic felony offenders as defined by statute shall be prosecuted as adults." Ariz. Const. art. IV, pt. 2, § 22(1). Section 13-501 specifies the circumstances in which juveniles must be charged as adults, and defines which are chronic felony offenders. *See In re Timothy M.*, 197 Ariz. 394, ¶ 23, 4 P.3d 449, 454 (App. 2000).

**¶16** "Our primary task in interpreting statutes is to give effect to the intent of the legislature." *In re Estate of Winn*, 214 Ariz. 149, ¶ 8, 150 P.3d 236, 238 (2007). The best indicator of that intent is that statute's plain language. *State v. Streck*, 221 Ariz. 306, ¶ 7, 211 P.3d 1290, 1291 (App. 2009). We interpret a statute according to the ordinary meaning of its terms "'unless a specific definition is given or the context clearly indicates that a special meaning was

intended.'" *State v. Jones*, 222 Ariz. 555, ¶ 14, 218 P.3d 1012, 1016 (App. 2009), *quoting Trustmark Ins. Co. v. Bank One, Ariz., NA*, 202 Ariz. 535, ¶ 27, 48 P.3d 485, 491 (App. 2002). When the language of a statute is clear and unambiguous, we need not look further to determine the statute's meaning and apply its terms as written. *City of Tucson v. Clear Channel Outdoor, Inc.*, 218 Ariz. 172, ¶ 6, 181 P.3d 219, 225 (App. 2008). Only if the language is unclear or ambiguous do we employ principles of statutory construction to determine the legislature's intent. *Stein v. Sonus USA, Inc.*, 214 Ariz. 200, ¶ 3, 150 P.3d 773, 774 (App. 2007) (employing principles of construction and considering statute's context, language, spirit, any stated or implicit purpose, and historical background).

¶17 Section 13-501(A) and (H)(2) are clear. Together, they require adult prosecution of a juvenile who is fifteen, sixteen, or seventeen years of age; accused of committing a felony; and who is a chronic felony offender. § 13-501(H). A chronic felony offender is "a juvenile who has had two prior and separate adjudications and dispositions for conduct that would constitute a historical prior felony conviction if the juvenile had been tried as an adult." § 13-501(H)(2). Section 13-105(22) defines historical prior felony conviction as "[a]ny class 4, 5 or 6 felony . . . that was committed within the five years immediately preceding the date of the present offense." *Cf. State v. Christian*, 205 Ariz. 64, ¶¶ 11-13, 66 P.3d 1241, 1244-45 (2003) (finding repetitive sentencing statute, including definition of historical prior felony conviction, clear and unambiguous).

¶18 The structure of the sentence defining chronic felony offender in § 13-501(H)(2) is somewhat awkward because it is not "conduct" that may "constitute a historical prior felony conviction," rather it is a conviction based on conduct. The statute is clear nevertheless. Effectuating the constitutional provision adopted by voters, it requires a juvenile to be prosecuted as an adult on a felony charge if the juvenile previously was adjudicated delinquent for two or more felonies for acts that would be felonies if the juvenile had committed those acts as an adult and had been "tried" and convicted accordingly.

**¶19** Section 8-341, which prescribes the disposition alternatives for juveniles adjudicated delinquent, is consistent with and complements § 13-501(H). It provides in subsections (C) and (E) that first-time or repeat felony offenders must be given notice of the consequences of the felony adjudications. *See In re Nickolas T.*, 223 Ariz. 403, ¶ 6, 224 P.3d 219, 221 (App. 2010) (acknowledging plain language best reflects legislative intent and related statutes must be construed as harmonious and consistent). Section 8-341(V)(1) defines a first-time felony offender as a "juvenile who is adjudicated delinquent for an offense that would be a felony offense if committed by an adult." Section 8-341(V)(2) defines repeat felony offender as a juvenile "adjudicated delinquent for an offense that would be a felony offense if committed by an adult" and who had already "been adjudicated a first time felony juvenile offender."

**¶20** Possession or use of a small amount of marijuana and possession of drug paraphernalia are class six felonies. *See* §§ 13-3405(A)(1), (B)(1); § 13-3415(A). That is so regardless of whether committed by a juvenile or an adult. Based on § 13-105(22), class six felonies may constitute historical prior felony convictions; thus, the legislature expressly provided that class six felonies may be the basis for determining a juvenile is a chronic felony offender under § 13-501 or establishing that an adult defendant is a repetitive felony offender for sentencing purposes. *See* A.R.S. § 13-703.

**¶21** L.N. argues that "[a] crime that might have been charged by the prosecutor or sentenced by the trial court as a misdemeanor [is not] a historical prior felony conviction within the purview of § 13-501(H)(2), because that statute requires the State to prove that the prior adjudications would have been felonies." He maintains that, because the PCAO had a policy of charging adults who commit similar offenses with misdemeanors in some circumstances, the respondent judge did not abuse his discretion in finding the state had the burden of establishing his prior felony adjudications "would have been felonies," not misdemeanors, and that it had failed to sustain that burden.

**¶22** Section 13-604(A) permits trial courts to designate a class six felony as a class one misdemeanor and sentence the defendant accordingly. Section 13-604(B) requires trial courts to

11

designate such an offense a misdemeanor when the prosecuting attorney charges a class six felony as a class one misdemeanor. That the legislature has given judges and prosecutors this discretion does not change the nature and class of an offense upon conviction or adjudication. L.N. was charged and adjudicated based on his admission that he had committed two class six felonies, and, if he were "tried" on such charges as he had been charged by delinquency petition, L.N. would have been convicted of class six felonies.[8]

**¶23**        We presume the legislature was aware of § 13-604 or its precursor, A.R.S. § 13-702(H), when it enacted §§ 13-501, 13-105(22), and 13-703. 2008 Ariz. Sess. Laws, ch. 301, §§ 16, 24; 1993 Ariz. Sess. Laws, ch. 255, § 11 (renumbering as § 13-702(G)), *see State v. Garza Rodriguez*, 164 Ariz. 107, 111, 791 P.2d 633, 637 (1990); *State v. Hamblin*, 217 Ariz. 481, ¶ 11, 176 P.3d 49, 52 (App. 2008). Yet it included class six felonies among the felonies that may serve as historical prior felony convictions and as the basis for finding a juvenile is a chronic felony offender. Had the legislature wanted to carve out an exception for class six felonies that might have been charged or designated as misdemeanors pursuant to § 13-604, it could have, and, presumably would have, done so in § 13-501. *See In re Casey G.*, 223 Ariz. 519, ¶ 7, 224 P.3d 1016, 1018 (App. 2010) (legislature presumed to say what it means; had legislature intended

---

[8]The minute entries show that at the time L.N. admitted to the felony possession of drug paraphernalia alleged in the December 19, 2012 delinquency petition, he also admitted to possession of marijuana and possession of drug paraphernalia in connection with an April 3, 2013 petition; these offenses were adjudicated as class one misdemeanors. Implicitly, then, a prosecutor exercised his or her discretion to charge the offenses that resulted in the first and repeat felony adjudications as felonies. The record therefore belies L.N.'s contention that juveniles are charged with class six felonies for these offenses and only adults are not. It also refutes his equal protection claim, which he contends is an independent basis upon which we may deny the state relief. We therefore do not address that claim further.

definition of "predicate felony for purposes of A.R.S. § 13–705 . . . to include delinquency adjudications for acts that otherwise would constitute dangerous crimes against children if committed by an adult," it would have so provided). The legislature made clear in § 13-604(A) how class six felonies are to be regarded, notwithstanding the discretion it afforded judges and prosecutors, stating, "[t]he offense shall be treated as a felony for all purposes until such time as the court may actually enter an order designating the offense a misdemeanor." *See State v. Russell*, 226 Ariz. 416, ¶¶ 6-8, 249 P.3d 1116, 1117-18 (App. 2011) (language of § 13-604 clear and unambiguous).[9]

**¶24** Our supreme court's decision in *In re Marquardt*, 161 Ariz. 206, 778 P.2d 241 (1989), further supports our conclusion. In that case, the court addressed whether an Arizona judge who had been convicted of misdemeanor possession of marijuana in Texas had been convicted of a "crime punishable as a felony under

---

[9]We note, however, because of differences in the operative language of A.R.S. § 13-703(B)(2) and § 13-501(H), a class six felony initially regarded as a historical prior felony conviction ultimately might not be. Section 13-703 provides that a defendant who "stands convicted of a felony" and has one or more "historical prior felony conviction" falls within a certain repetitive offender category and is subject to specified sentencing parameters. Consequently, a felony that is designated a misdemeanor before sentencing on the current offense cannot constitute a historical prior felony conviction. *See State v. Barr*, 217 Ariz. 445, ¶ 12, 175 P.3d 694, 697 (App. 2008). But under § 13-501(H)(2), the juvenile's status as a chronic felony offender must exist at the time he or she commits the offense that is the subject of the adult prosecution. We need not decide whether a class six, open-ended felony adjudication subsequently designated a misdemeanor would change a juvenile's initial status as a chronic felony offender; here, the prior adjudications were charged and adjudicated as felonies, and the juvenile court denied L.N.'s motion to re-designate them as misdemeanors before the respondent judge made his final determination and decided the state had not proved L.N. was a chronic felony offender.

Arizona or federal law" within the meaning of article 6.1, § 2, Ariz. Const., and therefore was subject to disqualification for that offense. *Marquardt*, 161 Ariz. at 208, 778 P.2d at 243. The court concluded that although A.R.S. § 13-702(H), the precursor to § 13-604, *see* 2008 Ariz. Sess. Laws, ch. 301, §§ 16, 24; 1993 Ariz. Sess. Laws, ch. 255, § 11, gave prosecuting attorneys the discretion to treat and charge possession of a small amount of marijuana as a misdemeanor, that did not mean the offense was not "punishable as a felony." *Marquardt*, 161 Ariz. at 209, 778 P.2d at 244. The court stated:

> We do not believe the definition of what is "punishable as a felony" may vary with the policies and procedures adopted or discarded from time to time by the particular county attorney having jurisdiction over the offense and offender. In our view, the words "punishable as a felony" refer to the maximum punishment that might be imposed for the conduct involved and not to the usual routine of prosecutorial discretion on how or whether to charge at all.

*Id*.

**¶25**     In *State v. Clough*, 171 Ariz. 217, 219, 829 P.2d 1263, 1265 (App. 1992), this court relied on *Marquardt* in determining whether a felony conviction from a foreign jurisdiction satisfied the requirements of Arizona's former repetitive sentencing statute in light of the possibility that the offense could have been charged or designated a misdemeanor. Before it was renumbered as § 13–703 and then amended in 2012,[10] § 13-604(I) permitted a conviction from a foreign jurisdiction to serve as a historical prior felony conviction for sentence-enhancement purposes only if the offense was such that, "if committed within this state would be punishable as a

---

[10]*See* 2012 Ariz. Sess. Laws, ch. 190, §§ 1–2; 2008 Ariz. Sess. Laws, ch. 301, §§ 15, 28; 1993 Ariz. Sess. Laws, ch. 255, § 7 (renumbering § 13-604(I) as 13-604(N)).

felony"; the analysis required "strict conformity between the elements of the [foreign] felony and the elements of some Arizona felony." *Clough*, 171 Ariz. at 219, 829 P.2d at 1265. Thus, this court observed in *Clough*,

> *Marquardt* dictates that we look to the defendant's conduct in [the foreign jurisdiction], and if that same conduct could, without taking into account the possibility that the prosecutor might charge the crime as a misdemeanor, be punishable in Arizona as a felony, then the prior conviction may be used to enhance the sentence.

*Id.*

**¶26** Similarly, in *State v. Russell*, 226 Ariz. 416, ¶¶ 2-3, 12, 249 P.3d 1116, 1117, 1118 (App. 2011), this court concluded the trial court had not erred by revoking the probation of a defendant on intensive probation, as required by A.R.S. § 13-917(B), based on his having used marijuana, a class six felony, notwithstanding the possibility that under § 13-604(A), a court might designate that felony a misdemeanor. This court concluded that "the trial court's discretion to designate a felony as a misdemeanor applies only after a defendant is convicted of a class 6 felony." *Russell*, 226 Ariz. 416, ¶ 8, 249 P.3d at 1118. As we stated, "the trial court found that the State proved by a preponderance of the evidence that [the defendant] used marijuana," and that offense is a class six felony under § 13-3405(B)(1). *Russell*, 226 Ariz. 416, ¶ 11, 249 P.3d at 1118.

**¶27** The possibility that the state could have charged these offenses as misdemeanors does not alter the felony designation of the offenses when L.N. was adjudicated delinquent for them. Moreover, the record suggests the state had considered whether to charge these offenses as misdemeanors and chose to prosecute them as felonies.[11] And, as we have noted, the juvenile court denied

---

[11] We assume the prosecutor exercised such charging discretion based on the fact that L.N. had been charged with

L.N.'s request to designate the felonies as misdemeanors prior to the respondent's ruling. For these reasons, the respondent judge erred when he required the state to establish that L.N. would have been charged with felonies had he been an adult when he committed these offenses. Having erred on a question of law, the respondent thereby abused his discretion, warranting special-action relief. *See Potter v. Vanderpool*, 225 Ariz. 495, ¶ 14, 240 P.3d 1257, 1262 (App. 2010) (when judge "err[s] as a matter of law" he abuses discretion); *see also* Ariz. R. P. Spec. Actions 3(c) (special action relief appropriate when judge abuses discretion).

## Conclusion

**¶28**        Based on the foregoing, we conclude the respondent judge abused his discretion in finding the state did not sustain its burden of proving by a preponderance of the evidence that L.N. is a chronic felony offender under § 13-501(H)(2). Therefore, having accepted jurisdiction of this special action, we grant relief and reverse the respondent's order granting L.N.'s motion for reconsideration or redetermination of his chronic felony offender status.

---

misdemeanor possession of marijuana and possession of drug paraphernalia on two other occasions.