IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

PAUL PATRICK WAYNE CLOW, *Appellant.*

No. 1 CA-CR 16-0033
FILED 3-14-2017

Appeal from the Superior Court in Yavapai County
No.  P1300CR201401153
The Honorable Tina R. Ainley, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric Knobloch
*Counsel for Appellee*

Yavapai County Public Defender's Office, Prescott
By Nicole S. Murray, Michelle DeWaelsche, John Napper
*Counsel for Appellant*

**OPINION**

Judge Jennifer B. Campbell[1] delivered the opinion of the Court, in which Presiding Judge Samuel A. Thumma and Judge Margaret H. Downie joined.

**C A M P B E L L**, Judge:

**¶1**         Following a jury trial, Paul Patrick Wayne Clow was convicted of a single count of continuous sexual abuse of a child. On appeal, Clow argues the court misinterpreted Arizona Revised Statutes ("A.R.S.") section 13-1417(A) (2010)[2], which requires the sexual conduct to span a period of three months. This is the sole issue addressed in this opinion.[3] For the reasons that follow, we affirm.

### FACTS AND PROCEDURAL BACKGROUND[4]

**¶2**         In July 2014, Clow placed an ad to rent out two rooms of his house. The ad specifically stated that the space would accommodate a single-parent family. The victim's mother ("Mother") was the first person to respond to the ad, and she and her three sons, T.F. (age 10), J.F. (age 7 – the victim), and A.F. (age 5), moved in on August 2, 2014. Because Mother

---

[1]The Honorable Jennifer B. Campbell, Judge of the Arizona Superior Court, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

[2]Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

[3]In a separate memorandum decision, *State v. Clow*, 1 CA-CR 16-0033 (Ariz. App. May 14, 2017), filed simultaneously with the opinion, we reject Clow's remaining arguments. Additional factual and procedural history is provided therein. *See* Ariz. R. Sup. Ct. 111; Ariz. R. of Crim. P. 31.26.

[4]We view the facts in the light most favorable to sustaining the verdict. *State v. Payne*, 233 Ariz. 484, 509, ¶ 93, 314 P.3d 1239, 1264 (2013).

did not have rent money at the time of move-in, Clow agreed that Mother could pay rent as soon as she was able.

¶3        Mother testified at trial that within a "couple [of] days," she began a sexual relationship with Clow, and Clow let the rent "slide." Clow also immediately became involved with the children, taking them to parks, stores, and other outings. Clow also supervised the children while Mother interviewed for jobs. By the end of August, Clow regularly participated in the children's bath and bedtime routines, including lying down with the children and "rub[bing] their back[s] [to] help them to fall asleep."

¶4        On November 9, 2014, while driving in the car with the children, Mother asked the victim whether Clow had ever told him "to keep secrets from mommy." The victim answered "yes." When Mother asked what type of secrets, the victim answered that Clow had told him how to have sex. At that point, Mother stopped the car and spoke with the victim outside the presence of the other children. Mother asked the victim whether Clow had touched him inappropriately and the victim stated that Clow had touched his penis both over and under his clothing.

¶5        Mother immediately contacted the police. The next day, Detective P.E. conducted a forensic interview of the victim. In response to questioning, the victim said Clow had touched his "private part," and pointed to his genitals. Detective P.E. asked when the touching started and he responded "August 1st." When asked about the frequency of the touching, the victim said Clow either touched the victim's penis or rubbed his own erect penis against the victim "every day."

¶6        The State charged Clow with one count of continuous sexual abuse of a child. At trial, the victim testified that Clow repeatedly touched and rubbed his penis and did so "[a]bout 24 times." During follow-up questioning, the victim clarified that he was unsure of the exact number of times, but knew it happened "a lot." Initially, the victim testified that he did not know when the molestation began, but, later, recalled that he had told Detective P.E. the touching started at the beginning of August 2014, and confirmed that he had told her the truth. The victim testified that Clow touched his penis every day until Mother reported the touching to the police. Mother testified that she reported the touching to the police on November 9, 2014.

¶7        After a five-day trial, the jury convicted Clow as charged. The court sentenced Clow to a term of twenty-five years' flat time in prison, an aggravated sentence. Clow timely appealed. We have jurisdiction pursuant

to A.R.S. § 12-120.21(A)(1) (2016), A.R.S. §§ 13-4031 (2010), -4033(A)(1) (2010).

## DISCUSSION

**¶8**        Clow argues the State presented insufficient evidence to sustain his conviction for continuous sexual abuse of a child. Specifically, Clow contends he did not sexually abuse the victim for "a period of three months or more" as required under the relevant statute, A.R.S. § 13-1417(A), an issue he raised in his motion for judgment of acquittal. *See* Ariz. R. Crim. P. 20.

**¶9**        We review a trial court's denial of a Rule 20 motion for a judgment of acquittal de novo. *State v. West*, 226 Ariz. 559, 562, ¶ 15, 250 P.3d 1188, 1191 (2011) (citation omitted). "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 562, ¶ 16, 250 P.3d at 1191 (quotations and citations omitted). Sufficient evidence upon which a reasonable jury can convict may be direct or circumstantial. *Id.* (citation omitted). A judgment of acquittal is appropriate only when "there is no substantial evidence to warrant a conviction." Ariz. R. Crim. P. 20(a).

**¶10**       We also interpret statutes de novo. *State v. Neese*, 239 Ariz. 84, 86, ¶ 8, 366 P.3d 561, 563 (App. 2016) (citation omitted). When the language of a statute is clear, "we need not look further to determine the statute's meaning and apply its terms as written." *State v. Lee*, 236 Ariz. 377, 383, ¶ 16, 340 P.3d 1085, 1091 (App. 2014) (citation omitted). Unless the legislature clearly expresses an intent to give a term a special meaning, we ascribe the plain and ordinary meaning to statutory terms. *State v. Dixon*, 216 Ariz. 18, 20, ¶ 7, 162 P.3d 657, 659 (App. 2007) (quotation and citation omitted). "In determining the ordinary meaning of a word, we may refer to an established and widely used dictionary." *State v. Mahaney*, 193 Ariz. 566, 568, ¶ 12, 975 P.2d 156, 158 (App. 1999) (citation omitted).

**¶11**       As applicable here, "[a] person who over a period of three months or more in duration engages in three or more acts [of sexual conduct, sexual assault, or molestation] with a child who is under fourteen years of age is guilty of continuous sexual abuse of a child." A.R.S. § 13-1417(A). Clow does not challenge the jury's finding that he perpetrated at least three qualifying acts of sexual abuse against the victim or that the victim is a child under fourteen years of age. Instead, his challenge is

confined to the meaning of the phrase "over a period of three months or more in duration."

¶12        According to Clow, the term "month" is defined "as the entirety of the month," such that "portions of differing months" may not be combined to constitute a month. Applying this definition to the facts, Clow contends he only had access to the victim during two entire "months," September and October 2014, and during the "portions" of August and November 2014 when the victim's family shared his home. Clow contends that the portions of August and November cannot be added together to comprise an additional "month" within the meaning of A.R.S. § 13-1417(A).

¶13        Title 13 does not expressly define "month."  Common definitions of "month" include: (1) one of the twelve divisions of a year; (2) a period extending from a date in one calendar month to the corresponding date the next month; (3) four weeks; and (4) thirty days.  Webster's II New College Dictionary (3d ed. 2005).  Under Clow's interpretation of A.R.S. § 13-1417(A), "month" is defined as one of the twelve divisions of a year.  Although that is a common definition for the term, in application here, such a construction is untenable.  *See State v. Barragan-Sierra*, 219 Ariz. 276, 282, ¶ 17, 196 P.3d 879, 885 (App. 2008) (explaining courts "employ a common sense approach" to interpreting a statute, "reading the statute in terms of its stated purpose and the system of related statutes of which it forms a part, while taking care to avoid absurd results") (citations omitted).

¶14        For example, under Clow's interpretation, a person who commences sexual abuse of a child on January 2nd and continues to abuse that child daily until April 29th (118 days) would not be guilty of continuous sexual abuse of a child because the duration of the abuse included only two full "months."  In contrast, a person who commences sexual abuse of a child on January 1st and continues to abuse the child daily until March 31st (90 days) would be guilty of continuous sexual abuse of a child because the period of abuse encompassed three full "months." Thus, Clow's interpretation operates to exclude sexual abuse that occurs for a duration greater than 90 days, but involves partial calendar months, and such a reading is therefore inconsistent with the intent of the legislation.

¶15        Adopting any of the three remaining common definitions, *see supra* ¶ 13, on the other hand, would lead to consistent, logical results. Therefore, to avoid an absurd result, we conclude a "month," for purposes of A.R.S. § 13-1417(A), is a period extending from a date in one calendar month to the corresponding date the next month. *See* A.R.S. § 1-211(C) (2016) ("Penal statutes shall be construed according to the fair import of

their terms, with a view to effect their object and to promote justice."); A.R.S. § 1-215, -(23) (Supp. 2016) (if not otherwise expressed, defining "'month'" to mean calendar month unless "context otherwise requires").

**¶16** In this case, the record reflects that the victim's family moved in with Clow on August 2, 2014. The victim testified that the sexual abuse began in early August and did not end until Mother reported the abuse to the police, which other evidence shows occurred on November 9, 2014. This trial record provides sufficient evidence from which a reasonable jury could find that Clow began sexually abusing the victim by August 9, 2014, and continued sexually abusing the victim until November 9, 2014. Therefore, because the trial evidence was sufficient to support the guilty verdict, Clow has not shown the court erred by denying his motion for judgment of acquittal.

## CONCLUSION

**¶17** Clow's conviction and sentence are affirmed.

