NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

GUILLERMO SOLIS RUEDAS, *Appellant.*

No. 1 CA-CR 21-0364
FILED 7-28-2022

Appeal from the Superior Court in Maricopa County
No. CR2018-143964-001
The Honorable Frank W. Moskowitz, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael O'Toole
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jesse Finn Turner
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge D. Steven Williams delivered the decision of the court, in which Presiding Judge David D. Weinzweig and Judge Randall M. Howe joined.

**W I L L I A M S**, Judge:

¶1        Guillermo Solis Ruedas appeals his convictions and sentences for two counts of sexual abuse, one count of sexual conduct with a minor, and one count of molestation of a child. For the following reasons, we affirm.

## FACTUAL[1] AND PROCEDURAL HISTORY

¶2        For a handful of years, Ruedas lived with his girlfriend and her three children. One of the children, Anna,[2] was twelve years old when she told her mother that Ruedas had touched her inappropriately just weeks prior. Anna's mother confronted Ruedas, who admitted to touching Anna. Ruedas moved out of the house that same day. Months later, Anna's mother took her to a therapist and contacted the police.

¶3        The State charged Ruedas with four counts of sexual abuse, class three felonies, (Counts 1, 2, 4, 5), and three counts of sexual conduct with a minor, class two felonies, (Counts 3, 6, 7). Ruedas was tried by a jury in 2021.

¶4        At trial, Anna testified Ruedas touched her inappropriately on two occasions in November 2017. The first occurred one evening while she and Ruedas watched a movie together in the living room. Ruedas, who was drinking beer, started massaging Anna's arms and shoulder area. Anna felt it was "a little weird" and left to take a shower.

¶5        When she returned, Ruedas massaged her breasts, touched her vagina "inside of the folds" with his fingers, and licked her vagina.

---

[1] "We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996).

[2] "Anna" is a pseudonym used to protect the victim's privacy.

Anna was "scared" and "just couldn't move." Ruedas stopped when a car pulled up to the house. Anna then went to her room for the night.

¶6             Anna testified the second occurrence happened the following day. Ruedas, who was again drinking beer, went into Anna's room, laid on her bed, and started kissing her on the lips. Ruedas touched Anna's breasts, then "took out his penis" and asked if she "want[ed] to touch it." Anna said nothing. Ruedas left the room shortly after that. Later that day, Ruedas told Anna not to tell anyone about what happened.

¶7             The State played for the jury portions of Anna's forensic interview, which she had given more than three years before trial. During that interview, Anna stated Ruedas had also touched her breasts before she showered the evening of the first occurrence.

¶8             The State also read for the jury portions of transcripts from various confrontation calls police helped Anna's mother make to Ruedas. In one of those calls, Anna's mother asked Ruedas if he had "touch[ed] [Anna's] vagina one time or two times" to which Ruedas responded, "I just remember—just that one and that's it." Later in that same call, Anna's mother asked Ruedas if it was "one time or two times" that he had touched Anna's breasts to which Ruedas responded, "I just remember one. One time." In another call, Ruedas again stated, "I just remember one time," when Anna's mother asked him if he had touched Anna's vagina "one time or two times." Ruedas repeated the same, "I just remember one," later in that conversation when Anna's mother asked him if he "touch[ed] [Anna's] breasts one or two times."

¶9             At the close of the State's case-in-chief, Ruedas moved for judgment of acquittal on all counts under Arizona Rule of Criminal Procedure ("Rule") 20(a). The trial court granted the motion as to Count 6 but denied the motion as to all other counts. The court also discussed the State's proposed verdict forms. Ruedas agreed to the verdict forms when the State agreed to add a lesser-included offense of molestation of a child to Counts 3 and 7 pursuant to Rule 21.4.

¶10            The jury convicted Ruedas as charged in Counts 1 (sexual abuse for touching Anna's breast in the living room before she showered), 2 (sexual abuse for touching Anna's breast in the living room after she showered), and 3 (sexual conduct with a minor for penetrating Anna's labia with his fingers). The jury also convicted Ruedas of the lesser-included offense in Count 7 (molestation of a child). The jury did not reach any

verdict on Count 4 and acquitted Ruedas on Count 5. On the State's motion, the trial court dismissed Count 4 with prejudice.

¶11 The court sentenced Ruedas on each of the four Dangerous Crimes Against Children as follows: 1) Counts 1 and 2 – a less than presumptive term of 3 years imprisonment to run concurrently with each other but consecutive to Counts 3 and 7 (presentence incarceration credit in Count 2 of 1,073 days); 2) Count 3 – a term of life imprisonment without the possibility of parole for 35 years (presentence incarceration credit of 1,073 days); 3) Count 7 – a less than presumptive term of 13.5 years imprisonment to run consecutive to Count 3.

¶12 Ruedas timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

**DISCUSSION**

*I. Rule 20 Motion*

¶13 Ruedas first argues the trial court erred in denying his Rule 20 motion. We review the denial of a Rule 20 motion for a judgment of acquittal de novo and will uphold the trial court's decision if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Clow*, 242 Ariz. 68, 70, ¶ 9 (App. 2017) (internal quotation marks and citation omitted).

¶14 The trial court is obligated to enter a judgment of acquittal after the State presents its evidence "if there is no substantial evidence to support a conviction." Ariz. R. Crim. P. 20 (a)(1). "The substantial evidence required to support a conviction may be direct or circumstantial." *State v. Teagle*, 217 Ariz. 17, 27, ¶ 40 (App. 2007).

*a. Sexual Abuse (Counts 1 and 2)*

¶15 "A person commits sexual abuse by intentionally or knowingly engaging in sexual contact . . . with any person who is under fifteen years of age if the sexual contact involves only the female breast." A.R.S. § 13-1404(A). "Sexual contact" is defined as "any direct or indirect touching, fondling or manipulating of any part of the . . . female breast by any part of the body or by any object or causing a person to engage in such contact." A.R.S. § 13-1401(A)(3)(a).

4

¶16 Here, because Anna was under fifteen years of age in November 2017 (she was only twelve), the State had to establish that Ruedas intentionally or knowingly engaged in any direct or indirect touching, fondling or manipulating of any part of Anna's breast (1) in the living room *before* she showered (Count 1), and (2) in the living room *after* she showered (Count 2). *See* A.R.S. § 13-1404(A); *see also* A.R.S. § 13-1401. The State played for the jury portions of Anna's forensic interview where she stated that Ruedas touched her breasts in the living room before she showered. The jury heard Anna testify that Ruedas touched her breasts in the living room after she showered. The jury also had read to them portions of confrontation call transcripts between Anna's mother and Ruedas where Ruedas admitted to touching Anna's breasts once. Substantial evidence supported convictions for Counts 1 and 2.

### b. Sexual Conduct with a Minor (Count 3)

¶17 "A person commits sexual conduct with a minor by intentionally or knowingly engaging in sexual intercourse . . . with any person who is under eighteen years of age." A.R.S. § 13-1405(A). "Sexual intercourse" is defined as "penetration into the penis, vulva or anus by any part of the body or by any object or masturbatory contact with the penis or vulva." A.R.S. § 13-1401(A)(4).

¶18 The State presented evidence that Ruedas penetrated Anna's vulva with his fingers as alleged in Count 3. Anna testified that when she got out of the shower Ruedas "touch[ed] [her] vagina with his fingers," further describing the act as follows: "So at first it was like on the outside, I believe that's called the vulva, the hole, yeah. So then he like started putting his fingers like inside of the folds, I guess, and then just like moving them around." Anna also used a diagram to illustrate how Ruedas put his finger in between the labia minora and the labia majora. Further, Ruedas admitted to Anna's mother that he touched Anna's vagina. Substantial evidence supported a conviction for Count 3.

### c. Molestation of a Child (Count 7)

¶19 "A person commits molestation of a child by intentionally or knowingly engaging in or causing a person to engage in sexual contact . . . with a child who is under fifteen years of age." A.R.S. § 13-1410(A); *see also* A.R.S. § 13-1401(A)(3)(a) (defining "sexual contact").

¶20 Here, the State presented evidence during Anna's testimony that Ruedas molested Anna by intentionally or knowingly putting his mouth on her genitals. Anna testified that, while in the living room, Ruedas

moved to "the floor and started using his tongue and licked my vagina." Substantial evidence supported a conviction of the lesser-included offense of molestation of a child for Count 7.

¶21        The trial court correctly denied Ruedas's Rule 20 motion on Counts 1, 2, 3, and 7.

### II.     *Verdict Form for Count 3*

¶22        Ruedas also argues the trial court erred in not *sua sponte* adding an interrogatory to Count 3's verdict form asking the jury to determine whether the offense constituted penetrative or masturbatory conduct. Because Ruedas did not raise this issue at trial, he "must establish both that fundamental error exists and that the error in his case caused him prejudice." *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 20 (2005); *see also* Ariz. R. Crim. P. 21.3(b) (providing appellate review may be limited "[i]f a party does not make a proper objection" to a proposed verdict form).

¶23        Under Rule 21.2, parties "may submit to the court proposed verdict forms." "The court must confer with the parties before closing argument and inform them of its proposed . . . verdict forms." Ariz. R. Crim. P. 21.3(a). Proper objections to a verdict form "must be made before the jury retires to consider its verdict," and, if not, appellate review may be limited. Ariz. R. Crim. P. 21.3(b).

¶24        Here, the trial court discussed with the parties the State's proposed verdict forms and Ruedas agreed to them after the lesser-included offense of molestation of a child was added to Counts 3 and 7. The verdict form for Count 3 specifically asked the jury to find whether Ruedas committed sexual conduct with a minor by "penetrat[ing] [Anna's] . . . labia with [his] fingers." And though Ruedas is correct that the jury was provided the entirety of the definition of "sexual intercourse"—which included reference to both penetration and masturbatory conduct—we disagree that the court was obligated to instruct the jury to distinguish whether it found his sexual conduct to have occurred through penetration or through masturbatory conduct. The State alleged only that Ruedas offended in Count 3 through penetration, not through masturbatory conduct. Both the charge itself, and the verdict form provided, contemplated only penetration as the act of sexual conduct Ruedas was guilty of in Count 3. On this record, Ruedas has failed to show fundamental, prejudicial error.

**CONCLUSION**

¶25 For the foregoing reasons, we affirm Ruedas's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED: JT